MARY N. WOODBOURNE *vs.* RALPH GORREL and others.

1. By section 9, chapter 37, of the Revised Statutes, "all conveyances in writing by husband and wife for any lands, personally acknowledged before a judge, &c., the wife being privily examined, &c., shall be as valid to convey the wife's estate in such lands as she may have, whether in fee simple or otherwise, as if it were done by fine and recovery, and if a commissioner be appointed under section 10 of said Act, to take such acknowledgment, privy examination," &c., " it shall be as effectual as if personally acknowledged before the Judge or County Court." Revised Statutes, sections 9 and 10, chapter 37.

2. Fines and recoveries are matters of record in the Court of Common Pleas in England, and cannot be impeached collaterally in an action of ejectment, or vacated nor set aside without some direct proceeding instituted for that purpose.

3. In this State, the acknowledgment and examination of a married woman before a judge or county court, as the law was in 1833, has the force of, and is in fact, a record. She cannot be heard to impeach the truth of the record or vacate the same; although the examination was not separate and apart from her husband, and she was subject to the influence of his presence, and although she was not of sound mind and could not " voluntarily assent thereto "

4. Possibly: When the examination is taken by a commissioner, a married woman may maintain a bill in equity, to cancel the deed on the ground of fraud, and a false certificate by the commissioners. Yet this *assurance of title*, and conveyance of record cannot be impeached collaterally in an action to recover the land.

5. This proceeding and record is not a mere deed, so far as a married woman is concerned, but is " an assurance of title by record." It is not a mere probate for the sake of registration, but is a "*fine*," and puts an end to the matter.

This was an action to recover a tract of land in Guilford county, containing nineteen acres, tried before Tourgee, Judge, at Fall Term 1871, of Guilford Superior Court.

Both parties claimed under one Mebane. Plaintiff was a daughter of said Mebane, and in the partition of his lands among his children, this portion was allotted to her. Plain-

tiff intermarried with Woodbourne in 1818, who died in 1867. To connect the defendants with David Mebane, father of plaintiff, plaintiff produced a copy of a registered deed, purporting to be executed by herself and Allen Woodbourne, her husband, dated in May, 1823, and conveying the land to one Humphreys, and a deed from Humphreys to Morehead, and from Morehead to the other defendants. The registered deed had at the foot an order of the Court at May Term 1823, with a certificate of two justices. A copy of which is set out in the case sent to the Supreme Court, but is not deemed material, as the opinion of the Court is based upon a subsequent action of the County Court in reference to the probate of the deed, viz: at May Term 1833, of the County Court of Guilford. "The execution of the deed was proved by John H. D. . . . . upon proof of the inability of the plaintiff to atte. . . . . acknowledge the same, a commission was dul, . . . . the privy examination taken, returned and recor. . . . . law."

Pl . . . . offered to prove that at the time her examination was . . . . under the commission issued from May Term 1833, she had . . . recollection thereof, and to show that she was then in . . . a mind too feeble to do any intelligent act. On obj . . . . this evidence was excluded by the Court. The plaintiff ask . . . . the Court to charge the jury that the deed recorded at May Term 1823, was valid as to Allen Woodbourne, but void as to her. That the proceedings *had* at May Term 1833, did not cure the defect, and said deed was ineffectual to pass plaintiff's title. The Judge refused so to charge, but told them that the deed, as recorded either in 1823 or in 1833, was effectual to pass plaintiff's title.

Verdict and judgment for defendants.

Appeal prayed and granted.

Plaintiff assigned as errors:

I. Exclusion of the evidence offered as to the execution and acknowledgment of the deed at May Term 1823, beyond the

verge of the Court, and in a private house, and that the same was done under threats and fear of her husband.

II. In exclusion of plaintiff and other witnesses, to show plaintiff's incompetency to acknowledge the execution of said deed in 1833, before the commissioners.

III. In the refusal to give the charge asked for and giving the charge which was given.

*Bragg & Strong, Scott & Scott, Dilliard & Gilmer*, for plaintiff.

*W. A. Graham*, for defendants.

PEARSON, C. J. Many interesting questions were presented and argued by the learned counsel, on both sides in reference to the examination and probate, in 1823. We will not enter into them, for in our opinion, the title of the plaintiff passed beyond all question, by the proceedings had in 1833. So, what we might say in regard to the proceedings in 1823, would be *obiter*, which the profession will do this Court the justice to say, has at all times been avoided ; however much it cut off an opportunity for a useless display of labor and learning.

The validity of the conveyance under which the defendants make title depends upon the *Rev. Statutes, ch.* 37, *sec.* 9–10. *Act.* 1751, sec. 9 enacts, " all conveyances, &c., acknowledged, &c," shall be as *valid in law, to convey all the estate of the wife, in such lands, whether in fee simple, right of dower, or other estate, as if done by fine and recovery*, or any other ways and means whatsoever." Sec. 10 enacts, that when it shall be represented to the Judge or County Court, that the wife is so aged or infirm, that she cannot travel to the Judge or County Court, it shall be lawful for the Judge or County Court to have a commission issued to two or more, for receiving the acknowledgment of the wife, and " *such deed acknowleged before them, after they have examined her privily and apart*

*from her husband,* touching her consent, and certified by the County Court to which the commission shall be returnable, shall by order of the County Court be registered with the commission and returns, and *shall be as effectual as if personally acknowledged, before the Judge or County Court, by such feme covert."*

In our case, the examination of the feme covert, was taken by commissioners ; by the section last cited, the return of the commissioners accepted by the County Court and ordered to be registered with the commission and return, is made as effectual as if personally acknowledged before the Judge or County Court, and by the previous section the acknowledgement before the Judge, makes the conveyance " as valid in law to convey all the estate, *as if done by fine and recovery,"* so we are to enquire what was the effect of a fine and recovery according to the common law,—that will decide the question of the admissibility of the evidence, the rejection of which is the error, set out in the bill of exceptions.

2 *Blackstone's Com.,* 348 ; a fine, is an assurance of record, " sometimes said to be a feoffment of record, though it might with more accuracy, be called an acknowledgment of a feoffment on record." But more particularly a fine may be described to be amicable composition or agreement of a suit by leave of the king or his justices, " whereby the lands in question become or are acknowledged to be, the right of one of the parties." The party to whom the land is to be conveyed or assured, commences an action or suit at law, by suing out a writ or *precipe,* called a writ of covenant, and the suit is compromised, and the terms entered on the record; by 27, *Edw.* 1—the note of the fine shall be openly read in the Court of Common Pleas. " This is almost the only Act that a *feme covert* is permitted by law to do, (and that because she is privily examined as to her voluntary consent, which removes the general suspicion of compulsion by her husband): it is therefore the usual and almost the only safe method, whereby she

can join in the sale of any estate in *ib* 55. A recovery is, like a fine, a suit in the Court of Common Pleas, and the difference is that instead of a compromise entered of record, there is a judgment entered in favor of the demandant" *ib* 357. This reference to the common learning in regard to fines and recoveries is made, because the counsel for the plaintiff, in his learned and earnest argument, did not advert to the fact that the Revised Statutes, Act of 1751, gives to the acknowledgment of a deed by husband and wife, before a judge of the County Court, (the wife being privily examined,) the force and effect of a fine and recovery. Fines and recoveries are matters of record in the Court of Common Pleas—it follows, that the acknowledgment and privy examination of a married woman before a judge or County Court as required by the statute, has the force of, and is in fact a record. Suppose the record of the Court of Common Pleas in England, sets out a fine duly levid by husband and wife, was it ever heard of, that the wife could afterwards impeach the verity of the record, and be allowed to aver, (not in a direct proceeding, to vacate and set aside the fine, but in an action of ejectment, when the fine is offerred in evidence as a conveyance of her title,) that the record was untrue, in this, that she was not examined separate and apart from her husband, (as is held in one of the cases cited by the learned counsel) or in this, that she did not acknowledge that she had executed the deed voluntarily and without compulsion, for that " she had no recollection thereof," and could prove that she was then "in a state of mind too feeble to do any intelligent act ?" which is our case. Suppose the record of the County Court had set out the fact that Allen Woodbourne and his wife, Mary N. Woodbourne, at May Term 1833, appeared in *open Court* and *acknowledged* the execution of the deed, and thereupon she was examined by the Court, through one of its members in the verge of the Court, separate and apart from her husband, and acknowledged that she had executed the deed voluntarily and of her own accord,

without any compulsion or constraint on the part of her husband, whereupon it is ordered that the acknoweldgment and examination be entered of record, and the deed together with a copy of the record, be registered, " could Mary N. Woodbourne be afterwards heard to impeach the verity of the record, collaterally, in an action for the land, when this ' assurance of record' was offerred in evidence ?" Surely not. But in our case, " the execution of the deed was proved in Court by John M. Dick, and upon proof of the inability of Mary N. Woodbourne (the wife) to attend Court, to acknowledge the same, a commission was duly issued, and her privy examination taken, returned, and recorded according to law," in pursuance of *sec.* 10, *Rev. Statute, ch.* 37.

The learned counsel could not deny that this proceeding was of the same force as if the acknowledgment had been in open Court, and yet the position taken by him shows that his vigorous mind was led astray by a seeming difference.

Perhaps, the legislation by which the form and solemnity required to levy a fine at the common law, is dispensed with, for the purpose of making a transfer of land by married women, easy and cheap, is unwise, for according to the common law, a fine could only be levied by acknowledgment in the Court of Common Pleas. By *Statute* 15, *Edw.* 2., " if any by age, impotence or casualty be witholden, that he cannot come to our Court, two, or one of the justices, by assent of the rest shall go to the party and receive his cognizance on the plea in which the fine ought to be levied, &c."

If there go but one, he shall take with him an abbot, prior knight, or man of good fame, and certify the Court thereof by the record; that all things incident to the fine being examined by him, it may be duly levied.—4 *Comyn's Digest, title fine E.* 6.—*E.* 7-1.

But whether this legislation be wise or unwise, we have this sequence : The deed being first acknowledged or proved in Court, on proof that the wife is unable to attend Court, a

commission may issue to take her privy examination and the return of the commissioner, received by the Court and recorded and registered, " *shall be as effectual as if personally acknowledged before the Judge or County Court by such feme covert.*"

1. The acknowledgment and privy examination taken before a Judge or by the County Court, *shall have the force and effect* of a fine and recovery."

2. A fine or recovery is a matter of record done before the *Chief Justice, or puisne Justices of the Court of Common Pleas, in open Court and the verity of such record cannot be impeached.*

After reflection, I am not able to see how the proceeding, if done before a Judge or by the County Court, could be vacated by the wife, if, in point of fact, the examination was not separate and apart from her husband and she was subject to the influence of his presence, or, if in point of fact, she was not of sound mind, and could not "voluntarily assent thereto." Possibly, when the examination is by commission, the wife might maintain a bill in equity to cancel the deed, on the ground of fraud and a false certificate by the commissioners, but it is perfectly certain that this assurance of title, and conveyance of record, cannot be impeached collaterally in an action for the land as the plaintiff, offered to do in this case. There is no instance of the kind in our reports, nor has the novelty, ever before been suggested, within the recollection of any member of this Court, although some of us have been at the bar over forty years, and we have the traditions of the profession. We can only explain the cases cited by the learned counsel from Nevada, Texas and other States on the supposition, that in those States there is no statute, giving to this conveyance and " assurance of title," the force and effect of " a fine or recovery "—and the Judges felt at liberty to act upon their own notions, as " to the broad ground of truth and justice."

Mr. Dilliard took this position : The examination and probate are proceedings for the purpose of registration, but the *factum*

*of the deed* is open to proof on the trial ; certain it is, said he .
that the husband, as to whom the probate was made by a wit-
ness, can on trial, offer proof to the contrary, or prove that he
executed the deed under duress—so the deed is void as to him,
but valid as to the wife, which is an absurdity."

The reply is, if the deed be void as to the husband, 'it is
void as to the wife, for a *feme covert* cannot execute a deed
except jointly with the husband ; but the fallacy of his reas-
oning, taking it in a broader sense, lies in this. If we can
suppose it to be simply a deed in reference to the husband,
yet certainly in regard to the wife, the proceeding is not a
mere deed, but is a conveyance " an assurance of title by
record," not done only for the purpose of registration, but done
for the purpose of conveying and assuring the title. It is not
a mere probate for the sake of registration, but is " a fine,"
and puts an end to the matter, so far as parties and privies are
concerned, at common law, and it levied with proclamations,
under the *Statute Hen.* 7, it is binding and a bar to all strangers
who do not make claim within five years after right of entry
accrues.

THERE IS NO ERROR. Judgment affirmed.