DOE on demise of CATHÆRINE WRIGHT *v.* THOMAS PLAYER.

Where an infant *feme covert* acknowledged the execution of a deed, and her privy examination was taken before a Judge of the Superior Court: *Held,* that the deed was then a conveyance of record, and could not be collaterally impeached in an action of ejectment.

(*Woodbourne* v. *Gorrell,* 66 N. C. Rep. 82, cited and approved.)

CIVIL ACTION, Ejectment, commenced before the adoption of the C. C. P., tried before *Cloud, J.,* at the December (Special) Term, 1873, of NEW HANOVER Superior Court.

On the trial below, it was admitted that the land in dispute was the property of the lessee of the plaintiff, being land owned by her at the time of her marriage with James Wright, and that he, her said husband, died before the commencement of this action.

On the —— day of January, 1853, James Wright and Catherine, his wife, the lessor of the plaintiff, made a deed of conveyance of the land in dispute to McMillan and Davis, which deed was duly acknowledged and the privy examination of the wife taken, before his Honor, JNO. M. DICK, then one of the Judges of the Superior Courts, and the deed was duly registered.

On the 5th day of December, 1853, McMillan and Davis sold and conveyed the land to the defendant, by deed duly proved and registered.

The plaintiff offered to prove, that at the time of the execution by her, of the deed for the land to McMillan and Davis, and at the same time of her private examination before JUDGE DICK, she was an infant. And for the purpose of showing that she had never ratified the sale of said land, the plaintiff offered to prove further, that several years after the acknowledgment by her of the execution of the deed, and in the lifetime of her husband, in disaffirmance of her contract of sale, she took possession of said land, claiming it as her own; and continued in possession until she was ejected by the defendant,

on certain proceedings before a Justice of the Peace, and that very soon after his death, she commenced this action.

His Honor rejected all this testimony upon the grounds, that the probate of the deed to McMillan and Davis, offered in evidence, was conclusive; and that the plaintiff could not be heard to say, that she was under the disability of infancy at the time she acknowledged the execution of the same before JUDGE DICK.

In submission to this opinion of his Honor, the plaintiff submitted to a non-suit and appealed.

*Strange* and *Battle & Son*, for appellant.
*Smith & Strong*, contra.

BYNUM, J. Upon the trial, in the leading case of *Wood-bourne* v. *Gorrell*, 66 N. C. Rep., 82, the plaintiff offered to prove, that at the time of her privy examination she was *non compos mentis*, and the deed was on that account void. In the case now before us, the plaintiff offered to prove on the trial, that she was an infant at the time she acknowledged the deed, and was privily examined. In the former case this Court held : 1. That the acknowledgment and privy examination, taken before a Judge, by our Statute, has the effect of a fine and recovery; 2. that a fine or recovery is a matter of record in England, done before the Chief Justices of the Court of Common Pleas in open Court, and that the verity of such record cannot be impeached.

In delivering the opinion of the Court the CHIEF JUSTICE says : "I am not able to see how the proceeding, if done before a Judge or the County Court, could be vacated by the wife, if in point of fact the examination was not separate and apart from her husband and she was subject to the influence of his presence, or if in point of fact, she was not of sound mind and could not voluntarily assent thereto. Possibly, where the examination is by commission, the wife might maintain a bill in equity, to cancel the deed on the ground of fraud, and a

false certificate by the Commissioner, but it is perfectly certain that this assurance of title, and conveyance of record cannot be impeached collaterally, in an action for the land, as the plaintiff offered to do in this case."

It is clear that *Woodbourne's* case is decisive of this, unless the effect of a fine or recovery, upon the rights of an infant, can be distinguished from the effect upon the rights of a person *non compos mentis.* Admitting the force of this, the counsel of the plaintiff have assumed that task, and filed a learned and able brief, to show the difference between the two cases.

*Woodbourne's case* was put upon the ground that when the Revised Statutes, chap. 37, sec. 9, entitled that, "all conveyances, &c., acknowledged, &c., shall be as valid in law to convey all the estate of the wife, in such lands, &c., as if done by fine and recovery or any other means whatever," all conveyances so made, must have the effect declared in the Statute, and no other, and that the effect of a fine or recovery is, to constitute a conveyance of record.

The counsel admit, that a fine is a conveyance of record, and therefore cannot be impeached collaterally, even though the Judge certifies to the privy examination of a person *non compos mentis,* but contend that the levying a fine by an infant, can be thus impeached, upon the ground that the Court had no jurisdiction to take the privy examination of an infant. No authority is cited in support of position, that the Court has less jurisdiction, in one case than the other, and that its act in the case of a person *non compos mentis,* has the force and effect of a record, which cannot be impeached, while in the case of an infant, it has no such effect, and can be impeached. Nor does reason support the position, as the supposed hardship, in the case of an infant, is no greater, than in that of the lunatic.

It is true, that the Court ought not to admit the acknowledgment of one under the disability of non age, or lunacy, yet having once recorded their agreement as the judgment of the Court, it is a judicial act, done by an infant in a Court of

record, and forever binds him and his representatives, unless he reverses it by a writ of error, which must be brought by him during his minority, that the Court, by inspection, may determine his age. Co. Lit. 380; 2 Inst. 483; 12 Co. 122; Bac. Infancy, tit. I. So, if an infant levies a fine, he is enabled, by law, to declare the uses thereof, and if he reverse not the fine during his non-age, the declaration of uses will stand forever; for though that, (the declaration of uses) be a matter *in pais*, and all such acts *in pais* an infant may avoid at any time after his full age, if he do not consent, yet being made in pursuance of the fine levied, which fine must stand good forever, unless reversed during infancy, so will the declaration of uses also. Co. 58; 10 Co. 42; Moor. 22. And the reason why these conveyances by fine and recovery must be avoided during infancy, is because being entered into, under the personal inspection of the Judge, who is supposed to do right, the infant cannot, against them, aver his disability, but must reverse them by a judgment of the Superior Court, which, by inspection, has the same means to determine what is right, as the Court which received the contract. Bac. Abr. tit. Infancy, 125; Moore Pl. 202; 2 Inst. 483; Co. Lit. 380.

The distinction is between matters of record and matters *in pais*, the latter may be avoided either within age or at full age, but matters of record, as statutes Merchants, and of the Staple, fines and recoveries must be avoided during minority; for being judicial acts, taken by a Court or Judge, the non-age of the party is to be tried by inspection, and not by the country, and must be dissolved *eo ligamine quo ligatur*, for judgments are not to be subverted by matter *in pais*, without matter of record. Roll. Abr., 742.

For example, if an infant bargain and sell his land by deed indented and enrolled, yet he may plead his non-age, for notwithstanding the Statute 27, Hen. VIII, Chap. 16, makes the enrollment necessary to complete the conveyance, yet the bargainee claims by the deed as at common law, which is a matter

7

*in pais*, and therefore defeasible by proof of non-age at any time. 2 Inst., 673. So it is said that if an infant appear by attorney and suffer a recovery, it may for this error be reversed after the infant comes of age, because it shall be tried by the country whether the warrant of attorney was made when under age or not. But when the fine or recovery is made in person, then the Judge acts on inspection, and his judicial act becoming a record, can be reversed only by the same solemnity with which it was done.

It is needless to pursue the matter farther, for it seems clear that if this conveyance had been by fine or recovery at common law, it could not have been reversed except by writ of error, and that during the minority of the infant. This being so, the only difficulty is removed, for the statute here steps in and enacts, that all deeds executed as this was, " shall have the force and effect of a fine and recovery."

It is no answer to say that in our State these conveyances, by the acknowledgment and privy examination of a *feme covert*, are not matters of record, and therefore no writ of error lying for them to reverse them, the party is without remedy, unless they can be impeached by matter *in pais*. The law is so written, and the hardship, if there be any, must be directed to another tribunal. But the hardship is more seeming than real, and is incident in many forms of estoppel, by record and otherwise. The salutary effect of preserving the solemnity and conclusiveness of judicial acts and records inviolate, more than compensates for an occasional hardship in practice.

The same hardship existed in the conveyance by fine and recovery, for the remedy of an infant *feme covert* only lay when she could seldom claim it, to wit, during non-age, and she was under the constraint of her husband.

In our case the deed was executed in 1853, and its effect is governed by Revised Statutes, Chap. 37, Sec. 9. It is observable that the Revised Code, Chap. 37, Sec. 8, enacted in 1856, and now the law, omits the words, " as if done by fine or re-

covery, or in any other ways and means whatever." How this change will effect conveyances made subsequent thereto, we are not now called upon to decide.

PER CURIAM.                              Judgment affirmed.