PIEDMONT NATURAL GAS COMPANY, INC. v. CARLTON K. DAY AND WIFE, ETTA C. DAY.

(Filed 28 January, 1959.)

**1. Easements § 2—**

Where the grant of an easement across a described tract of land provides in the instrument that the grantee of the easement should have the right to select the route, and the grantee thereafter selects the route with the acquiescence of the grantor, the location of the easement will be deemed that which was intended by the grant, and the grant will not be held void for uncertainty of description.

**2. Deeds § 6—**

The certificate of acknowledgment appearing in due form in the grant of an easement cannot be collaterally attacked, and therefore evidence that one of the grantors did not know that the officer was acting as a notary public but thought he was a mere witness, is properly excluded in an action to restrain interference with the easement, there being no attack on the certificate of the officer on the ground of fraud.

**3. Easements § 9—**

In a deed which specifically exempts from its provisions an easement theretofore granted across the land by grantors, the grantees take title subject to the easement, and therefore whether the easement grant was properly acknowledged is immaterial as to them, since their deed gives them notice.

**4. Easements § 7: Evidence § 27—**

Where the grant of an easement specifically stipulates that the grantee should have the right to select the route across the lands described, which the grantee does with the acquiescence of the grantors, evidence of a parol agreement contemporaneous with the execution of the instrument that the route should be selected within the bounds of another prior easement to a third party, is properly excluded as tending to vary or contradict the terms of the written instrument.

APPEAL by defendants from *Hobgood, J.,* July-August, 1958, Civil Term, ALAMANCE Superior Court.

Civil action to enjoin and restrain the defendants from interfering with the plaintiff's easement rights to maintain pipelines for the transmission of gas and petroleum products over a described tract of land.

The defendants, by answer, admitted their predecessors in title signed a paper writing which appears of record. They denied the paper writing was properly acknowledged or that it conveyed any easement right. They alleged that it is void for indefiniteness by reason of the failure to locate the line or boundary of the easement; and that the recorded writing constitutes a cloud upon their title.

The plaintiff, by reply, alleged the easement was executed and registered, and the pipeline constructed in 1952; that any cause of action to have the cloud removed is barred by the three-year statute of limitation.

The plaintiff introduced the written easement dated September 13, 1952, which for a valuable consideration the grantors, T. A. Amick and wife, Maude Amick, bargained and sold to the plaintiff, its successors and assigns, "a right of way and easement for the purposes of laying, constructing, maintaining, operating, repairing, altering, replacing, and removing pipe lines (with valves, regulators, meters, fittings, . . . and appurtenant facilities) for the transportation of gas, oil, petroleum products, or any other liquids, gases or substances which can be transported through a pipe line, the Grantee to have the right to select the route (the laying of the first pipe line to constitute the selection of the route by the Grantee) under, upon, over, through, and across lands of the Grantors," (here follows specific description of the tract of land containing 50 acres in Alamance County, subject to certain exceptions specifically referred to).

The plaintiff, grantee in the right of way agreement, contracted to pay and did pay to the grantors damages to growing crops, timber, and fences caused by the construction and operation of the pipe lines. Thomas A. Amick and wife, on March 18, 1955, executed a deed to the defendants for 44-½ acres of land over which plaintiff claims its easement. The deed contains the following: "That the same is free and clear of all encumbrances except those certain easements heretofore granted to Duke Power Company, Southern Bell Telephone and Telegraph Company, and Piedmont Natural Gas Company." The plaintiff introduced evidence the defendants had interfered with the use and enjoyment of its easement.

The defendants offered as witnesses Mr. and Mrs. Amick, their grantors, who acknowledged they signed the easement in the presence of two men, one of whom signed as a witness to their signatures, but they claimed they did not know the other man was a notary public. They offered to testify that contemporaneously with the execution of the lease, and as a part of it, there was an agreement that the pipeline should be laid within the easement granted to the power company. This evidence the court excluded. The defendants offered testimony

that an agent of the plaintiff approved the method by which the defendants laid out and constructed the streets over the plaintiff's pipe lines. The plaintiff introduced evidence to the contrary.

The court submitted two issues which the jury answered as indicated:

> "1. Is the plaintiff the holder of a right of way and easement over the lands of the defendants as alleged in the complaint?
>     Answer: Yes.
> "2. If so, have the defendants interfered with the plaintiff's exercise of its rights under the easement and right of way as alleged in the complaint?
>     Answer: Yes."

From the judgment on the verdict, the defendants appealed.

*W. R. Dalton, Jr., for defendants, appellants.*
*Sanders & Holt for plaintiff, appellee.*

HIGGINS, J.   The assignments of error involve the validity of the plaintiff's easement. The defendants contend it is invalid (1) for failure to locate the line upon which it was to be built; (2) for failure of the grantors to acknowledge its execution before a proper officer; and (3) for failure of the plaintiff to comply with the "supplementary agreement" to construct its lines along the power company's right of way.

The easement here involved is not open to the objection the line along which the pipes were to be laid is not defined in the grant. The instrument itself gives the grantee the right to select the line. The plaintiff made the selection, constructed the line, paid the damages to the crops, timber and fences, and took from the grantors a full receipt for the payment. This occurred long before the defendants acquired title from the original grantors. Both the defendants' contract to purchase and their deed specifically state the land is free and clear of all encumbrances, "except those certain easements heretofore granted to Duke Power Company, Southern Bell Telephone and Telegraph Company, and Piedmont Natural Gas Company."

"It is a settled rule that where there is no express agreement with respect to the location of a way granted but not located, the practical location and user of a reasonable way by the grantee, acquiesced in by the grantor or owner of the servient estate, sufficiently locates the way, which will be deemed to be that which was intended by the grant." *Borders v. Yarbrough*, 237 N.C. 540, 75 S.E. 2d 541. The defendants' contention the grant is void for uncertainty of description cannot be sustained.

The defendants' contention the easement was not properly acknowledged also must fail. The notary public certified to the appearance of Mr. and Mrs. Amick before him and the due acknowledgment by both. Mr. Richardson witnessed the signatures of the grantors. The principal objection was that neither of the men was introduced as a notary public. Mr. Amick was not certain. The notary was positive that his official position was known.  The Amicks admitted their signatures, the receipt of the consideration, and the receipt of the payment for damages to crops, timber, and fences. The deed from the Amicks to the defendants refers to the easement grant. The certificate of the officer is not attacked for fraud, but upon the ground that Mrs. Amick did not know the officer was acting as a notary public. The evidence is insufficient to impeach a solemn record. The certificate of acknowledgment must be attacked by direct action and not collaterally. *Lee v. Rhodes,* 230 N.C. 190, 52 S.E. 2d 674; *Freeman v. Morrison,* 214 N.C. 240, 199 S.E. 12; *Best v. Utley,* 189 N.C. 356, 127 S.E. 337; *Ware v. Nesbit,* 94 N.C. 664; *Wright v. Player,* 72 N.C. 94; *Woodbourne v. Gorrell,* 66 N.C. 82.

The defendants' claim would be defeated even if we treat the plaintiff's easement as unrecorded since it is referred to in the defendants' deed from the Amicks. "The language of courts and of judges has been very uniform and very decided upon this subject, and all agree that whoever purchases lands upon which the owner has imposed an easement of any kind, or created a charge which could be enforced in equity against him, takes the title subject to all easements, equities, and charges, however created, of which he has notice." *Packard v. Smart,* 224 N.C. 480, 31 S.E. 2d 517; *Dulin v. Williams,* 239 N.C. 33, 79 S.E. 2d 213; *Trust Co. v. Braznell,* 227 N.C. 211, 41 S.E. 2d 744.

The court properly refused to permit the defendants to introduce parol evidence of a contemporary agreement between the Amicks and the plaintiff different from the written instrument. "This Court has consistently held that 'parol evidence will not be heard to contradict, add to, take from, or in any way vary the terms of a contract put in writing, and all contemporary declarations and understandings are incompetent for such purpose, for the reason that the parties, when they reduce their contract to writing, are presumed to have inserted in it all the provisions by which they intend to be bound.' " *Bost v. Bost,* 234 N.C. 554, 67 S.E. 2d 745. " . . . in the absence of fraud or mistake, or allegations thereof, parol testimony of prior or contemporaneous negotiations and conversations inconsistent with the writing, . . . is incompetent." *Neal v. Marrone,* 239 N.C. 73, 79 S.E. 2d 239.

The plaintiff's evidence was amply sufficient to support the allega-

tions of the complaint and to sustain the verdict and judgment. The evidence was insufficient to show the defendants were entitled to have the grant removed as a cloud upon their title. Therefore, the question, whether the three years statute of limitation bars an action to remove a cloud upon title, does not arise.

No Error.