EVA HICKS FELDMAN v. TRANSCONTINENTAL GAS PIPE LINE CORPORATION (5456) AND EVA HICKS FELDMAN, INDIVIDUALLY, AND EVA HICKS FELDMAN, EXECUTRIX OF THE ESTATE OF EVA DEAN HICKS v. TRANSCONTINENTAL GAS PIPE LINE CORPORATION (5457)

No. 7021SC297

(Filed 5 August 1970)

1. Gas § 6— pipeline easement — sufficiency of description

An agreement giving a gas company the right to construct gas pipelines across a described tract of land is not void for vagueness in failing to define the line along which the pipes were to be laid where the agreement expressly gave the grantee the right to select the route.

2. Gas § 6; Easements § 2; Wills § 41— pipeline easement — rule against perpetuities

Gas pipeline easement agreement which gave the gas company the

right to lay additional pipelines across the grantor's land parallel to the first line laid by the company did not violate the rule against perpetuities since it created a presently vested interest and subjected the lands described in the agreement to an immediate servitude.

3. **Gas § 6; Easements § 7— pipeline easement — authority to lay additional parallel lines — construction**

Provision of gas pipeline easement agreement which gave the gas company the right to lay one or more additional pipelines across the grantor's land "parallel" to the first line laid by the company did not require the company to lay additional lines vertically parallel to the initial line but allowed the company to lay additional lines horizontally parallel to the first line.

4. **Eminent Domain § 5; Easements § 2— grant of right of way — compensation according to contract — condemnation proceedings**

A landowner who has granted a right of way over his land must look to his contract for compensation, as it cannot be awarded to him in condemnation proceedings, provided the contract is valid and all its conditions have been complied with by the grantee.

APPEAL by petitioners from *Exum, J.,* 19 January 1970 Civil Session of FORSYTH Superior Court.

These are special proceedings brought under G.S., Chap. 40, "Eminent Domain," to have commissioners of appraisal appointed to assess damages for the laying of certain gas pipe lines across lands of the petitioners. The two cases were consolidated for hearing and judgment and for purposes of this appeal. The facts are as follows:

Under date 5 October 1949 petitioners' predecessor in title, for a stated consideration of $110.00, executed and delivered to the respondent, Transcontinental Gas Pipe Line Corporation, a right-of-way agreement by which she conveyed to the respondent

"a right of way and easement for the purposes of laying, constructing, maintaining, operating, repairing, altering, replacing and removing pipe lines (with valves, regulators, meters, fittings, appliances, tie-overs, and appurtenant facilities) for the transportation of gas, oil, petroleum products, or any other liquids, gases, or substances which can be transported through a pipe line, the Grantee to have the right to select the route (the laying of the first pipe line to constitute the selection of the route by the Grantee), under, upon, over, through and across the lands of Grantor, . . ."

The agreement then contained metes and bounds descriptions of the lands affected (stated to contain 106¾ acres, more or less).

After the description, the agreement contains the following:

"There is included in this grant the right, from time to time, to lay, construct, maintain, operate, alter, repair, remove, change the size of, and replace one or more additional lines of pipe approximately parallel with the first pipe line laid by Grantee hereunder; but for any such additional line so laid the Grantee shall pay Grantor, or the depository hereinafter designated, a sum equivalent to One Dollar ($1.00) per lineal rod of such additional line, or such proportionate part thereof as Grantor's interest in said lands bears to the entire fee, within sixty (60) days subsequent to the completion of the construction of such additional line."

This right-of-way agreement was recorded in the office of the register of deeds of Forsyth County, N. C., on 22 October 1949. Thereafter, respondent laid a pipe line across the subject lands. Subsequently, a second line was laid parallel to and beside the first pipe line. For these two lines respondent paid compensation to petitioners' predecessor in title, who was the original grantor of the right-of-way, as provided under the terms of the right-of-way agreement. When respondent attempted to construct a third pipe line across the property approximately parallel to the first and second lines and involving a wider area of land than involved in the first and second lines, petitioners refused to accept the payment which respondent made to the escrow account provided for in the agreement and which was in an amount equal to the figure established by the formula set out in the agreement. Instead, petitioners instituted these special proceedings under the provisions of G.S., Chap. 40, "Eminent Domain," contending they were being deprived of property without due process of law in that (1) the agreement is void for vagueness, (2) it is void for violating the rule against perpetuities, and (3) even if not void, the second and third pipe lines were laid outside of the easement granted by the agreement and consequently were a taking apart from the agreement.

The clerk of superior court, after hearing, entered an order finding the facts substantially as above set forth and concluding that the agreement is not void for vagueness, that it did not violate the rule against perpetuities, and that the additional lines

are within the easement granted. On these findings and conclusions the clerk ordered the proceedings dismissed. On appeal, the judge of superior court affirmed the clerk, and from this judgment the petitioners appealed to the Court of Appeals.

*Hatfield, Allman & Hall, by James E. Humphreys, Jr., for petitioner appellants.*

*Charles F. Vance, Jr.; Kenneth A. Moser; and Womble, Carlyle, Sandridge & Rice for respondent appellee.*

PARKER, J.

The sole assignment of error is directed to the entry of the judgment affirming the ruling of the clerk dismissing the proceedings. In this we find no error.

[1]  The agreement is clear and unambiguous. It is not open to the objection that the line along which the pipes were to be laid is not defined in the grant. The agreement expressly gave the grantee the right to select the route. Petitioners' contention the grant is void for vagueness cannot be sustained. *Gas Co. v. Day,* 249 N.C. 482, 106 S.E. 2d 678.

[2]  The right to lay the additional lines created a presently vested interest and subjected the lands described in the agreement to an immediate servitude. The rule against perpetuities was not violated. Courts of other states considering identical or similar agreements have reached the same conclusion. *Traywick v. Transcontinental Gas Pipe Line Corp.,* 277 Ala. 366, 170 So. 2d 802; *Texas Eastern Transmission Corporation v. Carman,* Ky. Ct. App., 314 S.W. 2d 684; *Sorrell v. Tennessee Gas Transmission Company,* Ky. Ct. App., 314 S.W. 2d 193; *Hamilton v. Transcontinental Gas Pipe Line Corp.,* 236 Miss. 429, 110 So. 2d 612; *Caruthers v. Peoples Natural Gas Co.,* 155 Pa. Super. 332, 38 A. 2d 713; *Baker v. Tennessee Gas Transmission Co.,* 194 Tenn. 368, 250 S.W. 2d 566; *Strauch v. Coastal States Crude Gathering Co.,* Tex. Civ. App., 424 S.W. 2d 677; *Williams v. Humble Pipe Line Company,* Tex. Civ. App., 417 S.W. 2d 453; *Phillips Petroleum Company v. Lovell,* Tex. Civ. App., 392 S.W. 2d 748; *Crawford v. Tennessee Gas Transmission Co.,* Tex. Civ. App., 250 S.W. 2d 237. The Restatement of the Law of Property, Sec. 399, p. 2339, is in accord.

[3]  Petitioners' contention that the second and third lines were laid outside of the easement granted by the right-of-way

agreement is based upon their argument that the agreement granted the right to lay additional lines *vertically* parallel, but not horizontally parallel, to the initial line. Nothing in the language of the agreement requires such an unreasonable construction. The mechanical problem involved in laying and thereafter maintaining and servicing gas pipe lines in a vertical plane, one on top or below another, is manifest. A more reasonable construction of the language of the agreement is that the parties intended the word "parallel" in the sense of running in the same direction and side by side, using the surface of the ground as the plane of reference. The petitioners' predecessor in title, who was the grantor in the agreement, acquiesced in this reasonable interpretation when the second pipe line was laid along side of, not above or below, the first. Petitioners have cited no authority to support their contention and our research has found none. On the contrary, all of the cases cited above, in which identical or similar agreements were under consideration, have apparently assumed that the word "parallel" was being employed in the sense of side by side, not in the sense of one on top of the other.

[4]    Petitioners acquired their interests in the lands subject to the rights of the respondent as set forth in the recorded right-of-way agreement. "Where a landowner has granted a right of way over his land, he must look to his contract for compensation, as it cannot be awarded to him in condemnation proceedings, provided the contract is valid, and all its conditions have been complied with by the grantee." 29A C.J.S., Eminent Domain, § 206, p. 924. Here, the agreement was valid and respondent has complied with its conditions. Petitioners must look to the agreement for their compensation. Their proceedings seeking additional compensation were properly dismissed.

Affirmed.

CAMPBELL and VAUGHN, JJ., concur.