BUILDERS SUPPLIES COMPANY OF GOLDSBORO, NORTH CARO-LINA, INC. v. NORWOOD A. GAINEY AND WIFE, EDNA FRANCES GAINEY

No. 708SC591

(Filed 3 February 1971)

1. Easements § 7; Deeds § 14— reservation of sand and gravel rights in part of property conveyed — right of grantor to select area — sufficiency of description

Reservation by the grantor in a deed conveying 331 acres of land to defendants of "the right to lay out and stake off 35 acres of the above described land wherever it so desires and to take therefrom all sand and gravel it so desires," *held* not void for vagueness, where the grantor made the selection of the 35 acres and staked it off without objection from defendants, defendants thereafter removed sand and gravel from the 331-acre tract up to the lines so staked off, and defendants subsequently assisted an assignee of the grantor's sand and

gravel rights to locate the stakes for a survey to be made of the 35-acre tract.

**2. Rules of Civil Procedure § 50— motion for directed verdict — failure to state specific grounds for motion — appellate review of motion**

Appellant who fails to state specific grounds for his motion for directed verdict is not entitled, upon appeal from denial of the motion, to question the insufficiency of the evidence to support the verdict; if such a motion is granted, the adverse party who did not object at trial to the failure of the motion to state specific grounds therefor cannot raise the objection on appeal.

APPEAL by plaintiff from *Bundy, Judge,* 7 May 1970 Session of Superior Court of WAYNE County.

On 18 April 1952, Bryan Rock and Sand Company conveyed to defendants a 331-acre tract of land by warranty deed duly recorded. The deed contained full metes and bounds descriptions of two tracts of land in Wayne County, the first tract containing 223½ acres, more or less, and the second tract containing 107½ acres, more or less. Immediately following the descriptions and a reference to a lease to which the deed was subject was the following provision:

"The party of the first part expressly reserves the right to lay out and stake off 35 acres of the above described land wherever it desires and to take therefrom all sand, gravel and sand and gravel it so desires with the right of ingress, egress and regress over any part of said land for the purpose of removing said sand or gravel."

On 31 July 1959, Bryan Rock and Sand Company conveyed to American-Marietta Company six tracts of land and "all right, title, interest and estate reserved to Bryan Rock & Sand Company in and to all deposits of rock, stone, gravel and sand in, under and upon the above described lands," referring to the 331 acres conveyed to defendants. On 11 May 1964, Martin-Marietta Corporation by written instrument assigned all of its "right, title and interest of the party of the first part in sand and gravel, clay and earth" under the deed to defendants to plaintiff.

Prior to the sale to American-Marietta or at the time of the transaction, Bryan Rock and Sand Company had its representatives go on the land and stake off a 35-acre parcel, without objection from defendants. After the 35-acre parcel was staked

off, defendants in their own pumping operations, pumped sand up to the lines staked off by Bryan Rock and Sand Company. When plaintiff first went on the land to survey the 35-acre tract, defendant Gainey assisted in locating the stakes and showed plaintiff's surveyor where to get started. The surveyor was able to establish the boundary lines through stakes pointed out by Mr. Gainey.

In 1966, plaintiff went upon the 35-acre tract to set up equipment for the purpose of taking samples of the sand and gravel and was ordered off the land by defendants.

Plaintiff brought this action to obtain an adjudication that it is the owner of an easement for the taking and removal of sand and gravel from the 35-acre parcel, to restrain defendants from interfering or attempting themselves to remove any sand and gravel therefrom, and for damages.

Defendants answered denying generally the allegations of the complaint and setting up the pleas of laches, statutes of limitations, and non-assignability of the sand and gravel rights reserved.

At the close of plaintiff's evidence, defendants' motion for directed verdict was granted and plaintiff appealed.

*Smith and Everett, by James N. Smith, for plaintiff appellant.*

*Taylor, Allen, Warren and Kerr, by John H. Kerr III, for defendant appellees.*

MORRIS, Judge.

[1] Defendants contend that the reservation of the sand and gravel rights in the deed of Bryan Rock and Sand Company to defendants is void for vagueness, but if not void for vagueness, constituted a right extending only to Bryan Rock and Sand Company to select the 35-acre tract.

We agree with defendants that the easement now before us leaves a lot to be desired with respect to certainty and clarity and suffers greatly when compared to the reservation approved in *Reynolds v. Sand Co.*, 263 N.C. 609, 139 S.E. 2d 888 (1964). Nevertheless, we are, in our opinion, bound by the result reached in *Gas Co. v. Day*, 249 N.C. 482, 106 S.E. 2d 678 (1958), fol-

lowed by this Court in *Feldman v. Gas Pipe Line Corp.*, 9 N.C.
App. 162, 175 S.E. 2d 713 (1970).

In *Gas Co. v. Day, supra,* defendants' predecessors in title,
for a valuable consideration, sold to Piedmont Natural Gas Com-
pany, Inc., its successors and assigns, "a right of way and ease-
ment for the purposes of laying, constructing, maintaining, op-
erating, repairing, altering, replacing, and removing pipe lines
(with valves, regulators, meters, fittings, . . . and appurtenant
facilities) for the transportation of gas, oil, petroleum products,
or any other liquids, gases or substances which can be trans-
ported through a pipe line, the Grantee to have the right to
select the route (the laying of the first pipe line to constitute
the selection of the route by the Grantee) under, upon, over,
through, and across lands of the Grantors," (specifically describ-
ing a 50-acre tract). The Gas Company contracted to pay and
did pay for damages to crops, timber, and fences resulting from
the construction of the pipe line. The grantors of the easement
subsequently conveyed to defendants a portion of the 50-acre
tract, the deed containing an exception as to encumbrances with
respect to Gas Company easement. Plaintiff brought suit to
enjoin and restrain defendants from interfering with its ease-
ment rights. Defendants contended that the easement was void
for indefiniteness by reason of the failure to locate the line or
boundary of the easement and that the recorded instrument con-
stituted a cloud on their title. Justice Higgins, writing for a
unanimous Court, said:

> "The easement here involved is not open to the objection
> the line along which the pipes were to be laid is not defined
> in the grant. The instrument itself gives the grantee the
> right to select the line. The plaintiff made the selection, con-
> structed the line, paid the damages to the crops, timber and
> fences, and took from the grantors a full receipt for the
> payment. This occurred long before the defendants acquired
> title from the original grantors. Both the defendants' con-
> tract to purchase and their deed specifically state the land
> is free and clear of all encumbrances, 'except those certain
> easements heretofore granted to Duke Power Company,
> Southern Bell Telephone and Telegraph Company, and
> Piedmont Natural Gas Company.'
>
> 'It is a settled rule that where there is no express agreement
> with respect to the location of a way granted but not located,

the practical location and user of a reasonable way by the grantee, acquiesced in by the grantor or owner of the servient estate, sufficiently locates the way, which will be deemed to be that which was intended by the grant.' *Borders v. Yarbrough*, 237 N.C. 540, 75 S.E. 2d 541. The defendants' contention the grant is void for uncertainty of description cannot be sustained."

In the case before us, plaintiff introduced evidence which, if believed, tended to show that Bryan Rock and Sand Company made the selection of the 35 acres and staked it off without objection from defendants, that defendants removed sand and gravel from the 331-acre tract up to the lines so staked off, that defendants subsequently assisted plaintiff in locating the stakes for a survey to be made of the 35-acre tract.

In light of *Gas Co. v. Day, supra,* and *Feldman v. Gas Pipe Line Corp., supra,* we are constrained to hold that the evidence presented was sufficient to withstand a motion for directed verdict.

[2]  The record before us is barren of the grounds for the motion for directed verdict. G.S. 1A-1, Rule 50(a) contains the requirement that "a motion for directed verdict shall state the specific grounds therefor." Nor does the judgment supply the grounds. This Court has held that an appellant who failed to state specific grounds for his motion for directed verdict is not entitled, on appeal from the Court's refusal to allow the motion, to question the insufficiency of the evidence to support the verdict. *Wheeler v. Denton,* 9 N.C. App. 167, 175 S.E. 2d 769 (1970). Conversely, if such a motion is granted, the adverse party who did not object at trial to the failure of the motion to state specific grounds therefor cannot raise the objection on appeal. *Pergerson v. Williams,* 9 N.C. App. 512, 176 S.E. 2d 885 (1970). The record does not disclose an objection made at trial, nor does appellant raise the question on appeal. Therefore, and also because the Rules of Civil Procedure, at the time the trial of this matter had so recently become effective, we have reviewed the matter on its merits. *Turner v. Turner,* 9 N.C. App. 336, 176 S.E. 2d 24 (1970).

Reversed.

Judges BROCK and VAUGHN concur.