LYNN R. JOHNSON v. ROBERT DUNLAP AND RACING, INC. D/B/A RAINBOW SPEEDWAY

No. 8118SC25

(Filed 4 August 1981)

1. **Rules of Civil Procedure § 50— motions for directed verdict, judgment n.o.v.—failure to state grounds therefor—absence of objection at trial**

   Where plaintiff did not object at trial to the failure of defendants' motions for directed verdict and judgment n.o.v. to state specific grounds therefor, plaintiff cannot raise such issue on appeal.

2. **Torts § 7.2; Waiver § 2— release from liability—waiver of rights by second release**

   Defendants waived their rights under a 25 August 1973 release from liability when they presented to and had plaintiff execute a 25 September 1973 release and paid him the sum of $1500 as provided therein.

3. **Trial § 51; Rules of Civil Procedure § 59— verdict contrary to evidence—new trial**

   The trial court did not abuse its discretion in setting aside a jury verdict and ordering a new trial on the ground the verdict was "contrary to the evidence." G.S. 1A-1, Rule 59(a)(9).

APPEAL by plaintiff from *Lane, Judge.* Judgment entered 4 June 1980 in Superior Court, GUILFORD County. Heard in the Court of Appeals 3 June 1981.

Plaintiff seeks to recover for personal injuries sustained on 25 August 1973 when hit by a racing vehicle while he was in the pit area of Rainbow Speedway in Reidsville. He intended to drive in a subsequent race. His right leg was crushed and subsequently amputated.

Defendants in their answer alleged *inter alia* that plaintiff signed at the entrance to the pit area a "Waiver and Release" form on 25 August 1973, and that on 25 September 1973 signed a "Release" form. In both of these forms plaintiff released defendants from any and all liability arising out of the accident on 25 August 1973.

Defendants' motion to sever the issues as to plaintiff's alleged release was allowed.

At trial defendants' evidence tended to show that the pre-injury release forms of 25 August 1973 were prepared and delivered by defendants' insurer to defendants. The forms consisted of paper, 8½ inches by 11 inches, with the printed release

provisions at the top followed by lines for signature and car number. The forms were placed on clipboards and given to gate attendants, who stood at the gate to the pit area. As the cars participating in the race approached the gate the attendant presented the clipboard to those entering the pit area, primarily the drivers of participating cars and their crews. Each person admitted to the pit area was charged a fee of $4.00 and required to sign the release form affixed to the clipboard. Several cars were often waiting at the pit gate, and the several attendants would simultaneously collect admission fees and signatures from those in cars lined up at the gate.

On the night of 25 August 1973 about 300 people were admitted to the pit area. Bobby Wade Marshall testified that he was a pit attendant; that he signed the release form as pit gate official; that he did not necessarily observe all persons sign the form because he was busy accepting admission fees and making change; and that the signature of "Lynn Johnson" and Car No. 5 appeared on one of the release forms.

At the hospital plaintiff signed an accident report dated 14 September 1973 and received periodic payments under defendants' accident insurance policy. Defendants also had a liability policy. Defendant Dunlap visited plaintiff at the hospital two or three weeks after the 25 August 1973 accident and found him to be alert but in pain. On 25 September 1973 plaintiff signed a release of all claims relating to the 25 August 1973 accident in consideration for the payment of $1500.00. A handwriting expert testified that the signatures on the 25 August and 25 September 1973 releases were those of plaintiff.

The plaintiff testified that his signature appeared on the release, Defendants' Exhibit 2, but he had never seen the release form before, though he had signed his name on several other occasions when entering the pit gate. Plaintiff was accompanied by two men who testified that the clipboard was handed to them, that they saw no release form but only lines for signature, and they signed.

The release included *inter alia* the following provisions: "IN CONSIDERATION of being permitted to enter . . . the RESTRICTED AREA . . . 1. HEREBY RELEASES, WAIVES, DISCHARGES AND COVENANTS NOT TO SUE the Promoter . . . from all liability . . .

for all loss or damage . . . on account of injury to the person or property . . . whether caused by the negligence of RELEASEES or otherwise while the Undersigned is upon the Restricted Area . . . ."

While in the pit area after parking his car, which he intended to enter in a subsequent race, plaintiff was struck by a participating car. He was taken to the hospital. He suffered an upper thigh amputation of the right leg and a fracture of the left leg which required a pin in the shin. He was in much pain throughout and was given narcotics throughout his stay in the hospital, until released on 16 October 1973. He did not recall signing an accident report or the 25 September 1973 release. His attending physician did not think he had the capacity to understand or enter into a business agreement. Others testified that they visited plaintiff in the hospital and in their opinion he did not have the mental capacity to sign a legal document.

Issues were submitted to and answered by the jury as follows:

"ISSUES

1. Did the plaintiff release, waive, discharge and covenant not to sue the defendants on August 25, 1973?

Answer: No.

2. Did the plaintiff on September 25, 1973 release the defendants from any and all liability arising out of the accident on August 25, 1973?

Answer: No."

Defendants moved for judgment N.O.V. (no grounds stated) and for conditional new trial "on the grounds that the jury verdict appears to have been given under the influence of passion and prejudice, that there is insufficient evidence to justify the jury verdict, that the jury verdict is contrary to the evidence and that justice and equity require a new trial."

Judgment was entered in pertinent part as follows:

"[A]nd it appearing to the Court that the motion for directed verdict by the defendants on each issue could properly have

been granted, and that if the judgment herein is vacated or reversed as to either issue, in the discretion of the Court, a new trial should be granted the defendants as to such issue on the grounds that the jury verdict appears to have been given under the influence of passion and prejudice, that there is insufficient evidence to justify the jury verdict, that the jury verdict is contrary to the evidence, and that justice and equity require a new trial.

Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff shall have and recover nothing of any of the defendants; that the plaintiff's action as to all defendants shall be and the same is hereby dismissed with prejudice; that the costs of this action shall be paid by the plaintiff, and that a conditional new trial is granted to the defendants on each issue as to which this judgment is hereafter vacated or reversed on appeal."

*Younce, Wall & Chastain by Percy L. Wall and Peter Chastain for plaintiff appellant.*

*Nichols, Caffrey, Hill, Evans & Murrell by William D. Caffrey and Eugene W. Purdom for defendant appellees.*

CLARK, Judge.

The trial court erred in granting the judgment N.O.V., and the judgment must be reversed and a new trial ordered.

[1] The defendants' motion for directed verdict and motion for judgment N.O.V. did not state the specific grounds therefor as required by G.S. 1A-1, Rule 50(a). Both the North Carolina Supreme Court and the Court of Appeals have stated that this requirement is mandatory. *Anderson v. Butler*, 284 N.C. 723, 202 S.E. 2d 585 (1974), and *Wheeler v. Denton*, 9 N.C. App. 167, 175 S.E. 2d 769 (1970). But the Supreme Court has stated: "However, the courts need not inflexibly enforce the rule when the grounds for the motion are apparent to the court and the parties." *Anderson v. Butler*, 284 N.C. at 729, 202 S.E. 2d at 588. Further, the plaintiff did not object at trial to the failure of the motion to state specific grounds. Having failed to so object, the plaintiff cannot raise the issue on appeal. *Builders Supplies Co. v. Gainey*, 10 N.C. App. 364, 178 S.E. 2d 794, *cert. denied*, 278 N.C. 300, 180 S.E. 2d 178

(1971); *Pergerson v. Williams,* 9 N.C. App. 512, 176 S.E. 2d 885 (1970).

Under the circumstances we consider on its merits the trial court's granting of the judgment N.O.V. in favor of defendants. A motion for judgment N.O.V. is a motion that judgment be entered in accordance with the movants' earlier motion for a directed verdict and notwithstanding the contrary verdict actually returned by the jury. *Hensley v. Ramsey,* 283 N.C. 714, 199 S.E. 2d 1 (1973). Though no specific grounds were stated for either the motion for directed verdict or motion for judgment N.O.V., motions under Rule 50 are designed to test the sufficiency of the evidence. It is apparent to this Court, and should be to the parties, that the trial court granted the judgment N.O.V. on the ground that defendants by their evidence had established the due execution of either one or both of the releases and that plaintiff had failed to offer sufficient evidence that he did not validly execute the 25 August 1973 and the 25 September 1973 releases.

The defendants having pled the releases in bar of plaintiff's claim, they had the burden of proof. A directed verdict, or a judgment N.O.V., can be granted for the party having the burden of proof only where the credibility of movant's evidence is manifest as a matter of law. *Bank v. Burnette,* 297 N.C. 524, 256 S.E. 2d 388 (1979). *See* Note, *Directing a Verdict in Favor of the Party with the Burden of Proof,* 16 Wake Forest L. Rev. 607 (1980).

[2] Though waiver is not allowed as a defense by reply under G.S. 1A-1, Rule 7, and not raised in or considered by the trial court or argued in the briefs on appeal, it is manifest from defendants' own evidence that their rights under the 25 August 1973 release were waived when they presented to and had plaintiff execute the 25 September 1973 release and paid to him the sum of $1500.00 provided therein. *See* 13 Strong's N.C. Index 3d *Waiver* § 2 (1978). Waiver is a matter of law to be determined by the court where the facts are not disputed. *Builders v. Gadd,* 183 N.C. 447, 111 S.E. 771 (1922). The provisions of a contract (release) may be waived by intentionally relinquishing a known right, advantage, or benefit, and such intention to waive may be expressed or implied from acts or conduct naturally leading the other party to believe that the right has been relinquished. *Klein v. Insurance Co.,* 289 N.C. 63, 220 S.E. 2d 595 (1975); *Fetner v. Granite Works,*

251 N.C. 296, 111 S.E. 2d 324 (1959); *Lithographic Co. v. Mills*, 222 N.C. 516, 23 S.E. 2d 913 (1943).

[3] Assuming, arguendo, that there was no waiver of the 25 August 1973 release, the plaintiff offered ample evidence that he did not see and did not knowingly and voluntarily execute the release or that it was vitiated by fraud or mistake. Though plaintiff's signature appears on the release, his testimony that he had never seen it is supported by testimony that his two companions signed what appeared to be a legal pad on a clipboard at the pit gate when plaintiff signed, yet their signatures were not on the release offered in evidence by defendants. Further, all the evidence tends to show that some 300 signatures were obtained by several pit area attendants as the cars were lined up at the pit gate for admission. The jury could find from this evidence that plaintiff had never seen the release or that the circumstances were such that he was not given an opportunity to read it. Releases which exculpate persons from liability for negligence are not favored by the law. *Jordan v. Storage Co.*, 266 N.C. 156, 146 S.E. 2d 43 (1966); *see* Annot., 175 A.L.R. 8 (1948).

It is also manifest that plaintiff's evidence was sufficient to show mental incompetency at the time he executed the release in the hospital on 25 September 1973 or that the consideration was grossly inadequate. *See* 12 Strong's N.C. Index 3d *Torts* § 7.2 (1978).

Defendants joined with their motion for judgment N.O.V. a motion for a new trial in the alternative as allowed by G.S. 1A-1, Rule 50(b)(1). The stated grounds for the new trial motion, as required by Rule 59(a), were all incorporated and adopted in the judgment entered by the trial court, as follows: (1) the jury verdict appears to have been given under the influence of passion and prejudice, (2) there is insufficient evidence to justify the jury verdict, (3) the jury verdict is contrary to the evidence, and (4) justice and equity require a new trial.

G.S. 1A-1, Rule 59(a) lists eight specific grounds for granting a new trial and one "catch-all" ground, Rule 59(a)(9), "any other reason heretofore recognized as grounds for a new trial." The only ground listed in the judgment specifically provided for by Rule 59 is insufficiency of the evidence, and we have found that the evidence was sufficient to support the verdict. The other

---

---

three grounds in the judgment came within the "catch-all" Rule 59(a)(9). We do not find it necessary to determine whether the grounds "passion and prejudice" of the jury and "justice and equity" are grounds "heretofore recognized" in this State. The ground "contrary to the evidence" has been so recognized and interpreted as giving to the trial judges broad discretionary authority to set aside a verdict and order a new trial. No issue of law is raised, and the ruling is not reviewable on appeal in the absence of manifest abuse of discretion. *Britt v. Allen*, 291 N.C. 630, 231 S.E. 2d 607 (1977). While we find little in the record on appeal in support of the stated "contrary to the evidence" ground, we do not find a manifest abuse of discretion.

The judgment N.O.V. is reversed and the cause is remanded for a

New trial.

Judges MARTIN (Robert M.) and HILL concur.