GROVER C. OXENDINE v. HUBERT M. MOSS AND WIFE, LAMELLE V. MOSS,
D/B/A MOSS BUILDING AND REALTY

No. 8220DC1019

(Filed 20 September 1983)

**Rules of Civil Procedure § 50— directed verdict—failure to specify grounds**

Where plaintiff sued to recover the value of carpentry services he performed on two separate theories of recovery, *i.e.*, work performed and an account stated, and where defendants failed to state to the trial court any specific grounds for their motion for a directed verdict, as required by G.S. 1A-1, Rule 50(a) of the Rules of Civil Procedure, defendants failed to preserve the trial court's denial of their motion for appellate review. Further, the failure to include in the record on appeal their motion for a directed verdict or the trial court's order denying their motion did not comply with the requirements of App. R. 9(b)(1)(viii) and (x).

APPEAL by defendants from *Huffman, Judge.* Judgment entered 27 May 1982 in MOORE County District Court. Heard in the Court of Appeals 25 August 1983.

Plaintiff sued to recover the value of carpentry services he performed for defendants in 1978. Plaintiff's evidence tended to show the following circumstances, events and transactions. Plaintiff performed framing work on five houses being constructed by defendants during the summer and fall of 1978. Plaintiff's work for defendants was performed pursuant to an oral agreement. Over a number of years, plaintiff had performed similar work for defendants on more than 100 houses. After plaintiff's work on the five houses was completed, he went to defendants' office, where he saw Mrs. Moss and asked her to "fix me up a list of what they owed me on the balance of all the homes that I had done," i.e., the five homes framed in the summer and fall of 1978. When plaintiff later returned to defendants' office, Mrs. Moss gave plaintiff a list of the houses he had worked on, for which he had not been paid and the balance owed plaintiff on each house. These balances totaled $7,145.00. Later Mrs. Moss paid plaintiff $1,000.00 against the balance of $7,145.00, leaving a balance of $6,145.00, the amount plaintiff sued to recover. Plaintiff kept no business records of his own, but relied on the statement furnished him by Mrs. Moss.

---

---

Defendant's evidence tended to show that plaintiff performed work for defendants, but that defendant Hubert Moss did not agree to or ratify the amount owed to plaintiff.

At the close of all the evidence, defendants' motion for a directed verdict was denied by the trial court. The case was submitted to the jury on the issue of an account stated, which was answered for plaintiff and against defendants.

*Aberdeen Legal Clinic of McCrann & Craven, Attorneys, by Michael J. McCrann, for plaintiff.*

*Pollock, Fullenwider, Cunningham & Patterson, P.A., by Bruce T. Cunningham, Jr., for defendants.*

WELLS, Judge.

In their sole assignment of error, defendants contend that the trial court erred in denying their motion for a directed verdict at the close of all the evidence, on the grounds that there was insufficient evidence to permit the jury to find existence of an account stated.

Although plaintiff's complaint alleged and plaintiff's evidence tended to support two separate theories of recovery for his services, i.e., work performed and an account stated, defendants, the moving party, failed to state to the trial court any specific grounds for their motion for a directed verdict, as required by G.S. 1A-1, Rule 50(a) of the Rules of Civil Procedure. Under such circumstances, defendants have failed to preserve the trial court's denial of their motion for our review. *Johnson v. Dunlop*, 53 N.C. App. 312, 280 S.E. 2d 759 (1981); *Builders Supplies Co. of Goldsboro, N.C. v. Gainey*, 10 N.C. App. 364, 178 S.E. 2d 794 (1971); *Pergerson v. Williams*, 9 N.C. App. 512, 176 S.E. 2d 885 (1970); *Compare Anderson v. Butler*, 284 N.C. 723, 202 S.E. 2d 585 (1974).

Defendants also failed to include in the record on appeal their motion for a directed verdict or the trial court's order denying their motion, but merely referred in their brief to the pages of the trial transcript where these transactions might be found. This does not comply with the requirements of Rule 9(b)(1)(viii) and (x) of the Rules of Appellate Procedure.

Appeal dismissed.

Judges HEDRICK and PHILLIPS concur.