AVERY PATTON et al v. WESTERN CAROLINA EDUCATIONAL
COMPANY et al.

*Easement—Reservation in Deed—Description.*

P. conveyed to B. a tract of land by deed, in which was contained the
following clause: "With the following reservation, that is to say:
the said P. reserves 33 feet for a street, running from the cross
street down C.'s fence to J.'s fence ; then up J.'s fence to the street
that leads down to P.'s house:" *Held,*

1. That this reservation created an easement in P. and his heirs to use
the street thus designated, and have it kept open and unob-
structed for their enjoyment.

2. That the reservation was not so vague and indefinite in its terms as
to make it inoperative.

CIVIL ACTION tried before *Merrimon, J.,* at Spring Term,
1888, of HENDERSON Superior Court.

The complaint alleges that the plaintiffs are the owners
and entitled to the possession of the land mentioned in the
complaint by virtue of a reservation contained in a deed
from M. M. Patton to M. Bowen, under which defendants
claim, and that the possession is wrongfully withheld, and
further that they have been and are entitled to a free and
unobstructed right of way over and upon said land and
every part thereof, and that the defendants have obstructed
the said right of way with gates, &c., and they ask judgment
for possession of the land, for the removal of the obstructions,
and for damages and for costs.

The material allegations of the complaint are denied.

The plaintiffs offered a deed from Mitchell King to M. M.
Patton, dated September 7th, 1855, which (the defendants
admitted) embraced in its boundaries the real estate in con-
troversy, and that the plaintiffs were the heirs-at-law of M.
M. Patton.

The defendants further admitted that M. M. Patton
entered into possession of the land about the date of his

deed, and continued in possession from that time to the day of his death, which occurred on the ____ day of _____, 18__, and that his heirs, the plaintiffs, have been in possession at the same place ever since the last mentioned date to the bringing of this action.

The plaintiffs then introduced testimony tending to show that the defendants had obstructed the streets indicated in the deed. The defendants admitted that they had placed a gate and fence across the street, and also a gate and fence at another point, and that they had built a fence so as to take into the college lot the street there indicated, and to completely obstruct said street.

The defendants then introduced a deed from M. M. Patton to N. Bowen, chairman of the Board of Trustees of the College, dated 6th of May, 1859, for the lot described on the map as college lot, and a deed from M. M. Patton to Joseph Jordan described as the J. P. Jordan lot, dated 30th day of July, 1861, and a deed from N. Bowen to the defendant company, dated February 7th, 1876, for the college lot. The plaintiffs admitted that M. M. Patton never had possession of the college and Jordan lots after the date of his deeds to Bowen and Jordan. His deed to Bowen contained the following clause: " With the following reservation, that is to say, the said M. M. Patton reserves 33 feet for a street running from the cross street down L. Clayton's fence to J. P. Jordan's fence, thence up Jordan's fence to the street that leads down to M. M. Patton's house."

Patton's deed to Jordan contained the following clause: "And further, that the street now opened up through to the college land, thirty-three feet wide, shall be kept open." The defendants admitted that this street runs from the gate in the south line of the J. P. Jordan lot as shown on the map, north.

The plaintiffs withdrew their claim to have the title declared to be in them of the said streets, and only insisted

upon their right to have the gates and other obstructions removed from said street, and for judgment for damages assessed by the jury.

The Court being of the opinion that the defendants had no right to erect gates and fences across said streets, gave judgment accordingly. Defendants excepted.

1. Because the reservations were for Patton's life only, and did not enure to the benefit of his heirs.

2. That by the deeds title to the soil passed to the defendants, and the reservations in the deeds gave to plaintiffs and those claiming under them only an easement, and that the defendants had the right to fence across the streets, so long as they kept a gate ten feet wide, through which plaintiffs might pass at pleasure. It was admitted that the plaintiffs could pass through gates from their house to K on the map, but the street from K to C was obstructed so they could not pass.

3. That Patton had not shown a possession sufficiently long to give him title to the land, taking the facts as admitted to be true, and that defendants were not estopped to deny his title by reason of their claim of title through him.

There was a judgment for the plaintiffs, from which the defendants appealed.

*Mr. S. V. Pickens,* (filed a brief) for plaintiffs.

*Messrs. E. C. Smith* and *T. F. Davidson,* (*Mr. W. A. Smith* filed a brief) for defendants.

DAVIS, J., (after stating the case). It is conceded that the deed from King to M. M. Patton included the streets obstructed by the defendants, and the effect of the admission of the defendants in regard to the judgment is to present the single question: Did the defendants have the right to obstruct the streets in the manner set out?

The title being originally in M. M. Patton, through whom the plaintiffs claim, what was the effect of the reservation in the deed from him to M. Bowen? Conceding, as insisted by the defendants, that the deed conveyed the title to the soil, and that the reservation was only of an easement, the title to it is in the plaintiffs, who have been in possession since the death of Patton. *Merrimon* v. *Russell*, 2 Jones Eq., 470; *Hays* v. *Askew*, 5 Jones, 63.

The reservation is not vague and uncertain, as was the case in *Waugh* v. *Richardson*, 8 Ired., 471, and *McCormick* v. *Monroe*, 1 Jones, 13, relied on by defendants. In those cases the exceptions in the deeds were held to be inoperative and void, because so vague and uncertain that no effect could be given to them.

The case of *Fisher* v. *Mining Company*, 97 N. C., 95, cited by counsel, has no application. In that case the plaintiffs failed to show title in themselves, or in those through whom they claimed title to the excepted minerals.

In the case before us it does appear that the title and rights to the easements reserved was in M. M. Patton, and in the plaintiffs who claim under him.

The plaintiffs abandoned all claim to title in the land, and only insist upon their right to the unobstructed use of the street reserved.

It is shown that there has been no abandonment or *non-user* of the street, and there is no claim of title to the soil by length of possession, or otherwise.

The plaintiffs have shown title to the easement reserved, and we think the obstructions admitted to have been made were invasions of their right. A street with gates or fences across it is not what was reserved, but a full and unobstructed "33 feet for a street."

Affirmed.