ROY WALDROP AND WIFE, IRMA FAYE WALDROP, v. TOWN OF BREVARD, A MUNICIPAL CORPORATION.

(Filed 13 December, 1950.)

1. **Deeds § 13a: Easements § 1—Grant of land for garbage dump with covenant not to sue for annoyance arising from such operation held to convey easement running with land.**

    The owner of a tract of land conveyed a portion thereof to a municipality for express use as a garbage dumping ground, and released and waived all right of action which grantors or their successors might ever have arising out of the use of the land conveyed for such purpose. *Held:* The waiver or release constituted a covenant not to sue, binding on grantors and their heirs and assigns, and operated to create an easement running with the land so that purchasers of the remaining lands of the grantors, either directly or by *mesne* conveyances, are estopped to maintain an action against the city for the nuisance resulting from the operation of the garbage dump in a reasonably careful and prudent manner, notwithstanding that the deed to the city was not in their chain of title. G.S. 47-27.

2. **Easements § 6—**

    Where the owner of land conveys a portion thereof together with an easement over his remaining lands by deed duly recorded, grantees of the servient tenement, directly or by *mesne* conveyances, take title subject to

the duly recorded easement, notwithstanding that no deed in their chain of title refers to such easement.

**3. Easements § 9—**

Where a municipality acquires an easement over adjacent lands to maintain a garbage dump on lands purchased by it, change in conditions in the neighborhood cannot justify the release of the owners of the servient tenement of the burden of the duly recorded easement.

APPEAL by plaintiffs from *Rudisill, J.,* July-August Mixed Term, 1950, of TRANSYLVANIA.

This is an action in which the plaintiffs seek to have abated as a private and public nuisance the presently maintained garbage dump of the Town of Brevard, and to recover special damages resulting from its operation since 1 October, 1946.

In 1938 the Town of Brevard purchased from I. F. Shipman and wife a tract of land, consisting of five acres, for a garbage dump. The land purchased was near the middle of a 120-acre tract owned by the grantors. At the time the appellees purchased this land, only the grantors and one other family lived on the Shipman lands.

The duly recorded deed from Shipman and wife to the Town of Brevard, in addition to conveying the five-acre tract of land, contains the following provisions:

"Together with a right of way across the lands of the parties of the first part 16 feet in width, extending from the road from Rocky Hill to Camp Illahee along the present road leading from said road to the property herein described. With the right to construct, reconstruct, repair or maintain said road in any manner which the party of the second part may see fit.

"It is understood and agreed that the party of the second part is purchasing the property hereinabove described for use as a dumping ground for garbage, waste, trash, refuse, and other materials and products which the party of the second part desires to dispose of. And as a part of this conveyance the parties of the first part do hereby grant and convey unto the said party of the second part, its successors and assigns, the right, without limit as to time and quantity, to use the lands hereinabove described as a dumping ground for the Town of Brevard for garbage, waste, trash, refuse and other materials and products of any and every kind which the said party of the second part desires to dispose of by dumping on said lands and burning or leaving thereon, and the said parties of the first part do hereby release, discharge, waive and convey unto the said party of the second part, its successors or assigns, any or all rights of action, either legal or equitable which they have or ever might or may have by reason of any action of the party of the second

part in using the lands hereinabove described as a dumping ground for the Town of Brevard, or by reason of any fumes, odors, vapors, smoke or other discharges into the atmosphere by reason of such location and use of a dumping ground on the lands hereinabove described.

"The agreements and waiver hereinabove set out shall be covenants running with the remainder of the lands owned by the parties of the first part, and binding on said parties as the owners of said lands, and their heirs and assigns, and anyone claiming under them, or any of them, as owners or occupants thereof."

After the Town of Brevard began using the land referred to herein as a garbage dump, I. F. Shipman and wife began selling other portions of the original 120-acre tract. Now some 35 or 40 families live in the neighborhood.

In 1939 Van R. Tinsley and wife purchased a lot from I. F. Shipman and wife, the lot being a portion of the original 120-acre tract and situate approximately 300 yards or more from the land used by the defendant as a garbage dump. The Tinsleys constructed a house on the lot and conveyed the property to the plaintiffs in 1940. They have owned and resided on the premises since that time.

The plaintiffs offered evidence which they contend supports the allegations of their complaint, to the effect that the garbage dump as maintained by the defendant is a public and private nuisance, and that they have suffered special damages as a result thereof.

The defendant denied the plaintiffs' allegations to the effect that the maintenance and operation of its garbage dump was a nuisance, and offered evidence which it contends supports its further answer and defense to the effect that its garbage dump has been maintained and operated in a clean and sanitary manner, as required by the rules and regulations of the District Health Department for Transylvania and adjoining counties. The defendant further alleges that the plaintiffs are estopped from maintaining this action by reason of the covenants contained in its deed from I. F. Shipman and wife, and plead such estoppel in bar of plaintiffs' right to maintain the action.

At the close of plaintiffs' evidence, the defendant moved for judgment as of nonsuit. The motion was denied, but upon renewal thereof at the close of all the evidence, the motion was allowed. Plaintiffs except, appeal and assign error.

*Philip C. Cocke and William J. Cocke for plaintiffs.*
*Ramsey & Hill and Lewis P. Hamlin for defendant.*

DENNY, J. If it be conceded that the normal operation of the defendant's garbage dump in a reasonably careful and prudent manner consti-

WALDROP v. BREVARD.

tutes a nuisance, in our opinion these plaintiffs are estopped from assert-
ing any claim for damages or for other relief by reason thereof, in view
of the grant and covenants contained in the conveyance from I. F. Ship-
man and wife to the Town of Brevard.

It was stated in the conveyance to the Town of Brevard, that the
property was to be used as a garbage dump, and I. F. Shipman and wife
expressly granted to it the right, without limit as to time and quantity, to
use the premises conveyed as a dumping ground for the Town of Brevard,
for garbage, waste, etc., and for themselves, their heirs and assigns, they
released, discharged and waived any or all rights of action, either legal
or equitable, which they have or might have by reason of any action of
the Town of Brevard in using the lands conveyed to it as a dumping
ground for said town, or by reason of any fumes, odors, vapors, smoke or
other discharges into the atmosphere by reason of the use of the premises
as a garbage dumping ground. The parties further stipulated that the
agreements and waiver set forth in the deed shall be covenants running
with the remainder of the lands owned by the grantors and binding on
them "as the owners of said lands, and their heirs and assigns, and anyone
claiming under them, as owners or occupants thereof."

"A covenant or agreement may operate as a grant of an easement if it
is necessary to give it that effect in order to carry out the manifest inten-
tion of the parties." 17 Am. Jur., Sec. 27, p. 940.

The grant and release or waiver contained in the deed from I. F.
Shipman and wife to the Town of Brevard, in our opinion, created a
right in the nature of an easement in favor of the Town of Brevard,
upon the remainder of the lands owned by the grantors. And the waiver
or release of any right to make a future claim for damages or other
relief, resulting from the use of the premises conveyed to the defendant
as a garbage dump, constitutes a covenant not to sue and is binding on
the grantors, their heirs and assigns. *Consolidation Coal Co. v. Mann,*
298 Ky. 28, 181 S.W. 2d 394; *Brush v. Lehigh Valley Coal Co.,* 290 Pa.
322, 138 Pac. 860; *J. T. Donohue Realty Co. v. Wagner,* 154 Md. 588,
141 A. 337; *Mayor and Councilmen of Troy v. Coleman,* 58 Ala. 570;
*Mayor and Councilmen of Union Springs v. Jones,* 58 Ala. 654. 13 C.J.,
Section 399, p. 458; 17 C.J.S., Sec. 104, p. 459. "If the owner of prop-
erty has charged it with a servitude as to the matter complained of, a
subsequent grantee cannot recover damages therefor." 29 Cyc. 1260.

The appellants contend they are not bound by the covenants in the
deed from I. F. Shipman and wife to the Town of Brevard, because (1)
the Town of Brevard is not plaintiffs' predecessor in title; (2) no deed
in plaintiffs' chain of title contains or refers to the covenants contained
in the defendant's deed; and (3) there has been such a change in the,

neighborhood it would be unconscionable and inequitable, and against public policy to enforce the covenants in the defendant's deed.

The plaintiffs are relying on the case of *Turner v. Glenn,* 220 N.C. 620, 18 S.E. 2d 197, as authority for their position that since no deed in their chain of title contains or refers to the covenants set forth in the Shipman deed to the defendant, they are not bound thereby. This position might be well taken if we were dealing with restrictive covenants instead of an easement and a waiver and release of any and all claims for damages incident to the exercise of the easement granted. Grantees take title to lands subject to duly recorded easements which have been granted by their predecessors in title. G.S. 47-27; *Walker v. Phelps,* 202 N.C. 344, 162 S.E. 727; *Norfleet v. Cromwell,* 64 N.C. 1; *Burgas v. Stoutz,* 174 La. 586, 141 So. 67; *J. T. Donohue Realty Co. v. Wagner, supra;* 28 C.J.S., Section 24, p. 676, *et seq.*

In the case of *Walker v. Phelps, supra,* the Virginia-Carolina Joint Stock Land Bank owned some 1,200 acres of land, known as the Alexander Farm. It conveyed 600 acres of the land to the plaintiff Walker and others, and granted the right of ingress and egress over certain areas of the remaining 600 acres of land retained by the grantor, including certain drainage rights, and stipulated that the expense of keeping open a canal through the lands sold and those retained should be borne by the owners of the respective tracts of land in proportion to the acreage draining into the canal. The deed to Walker and others was duly recorded on 24 July, 1930. Theretofore, on 27 January, 1930, the grantor had entered into a contract for the sale of the other 600 acres of the Alexander Farm to the defendant Phelps. This contract was not recorded prior to the recording of the Walker deed. Phelps contended he was not bound by the covenants and stipulations contained in the Walker deed. *Connor, J.,* in speaking for the Court, said: "The stipulations contained in the deed from the Virginia-Carolina Joint Stock Land Bank to the plaintiffs, with respect to the Mountain Canal, are covenants which run with the land conveyed by said deed. *Norfleet v. Cromwell,* 64 N.C. 1. The plaintiffs, as grantees in said deed, have the right to use the Mountain Canal for the purpose of draining their land, and further have the right to require their grantor and all persons claiming title to the remainder of the Alexander Farm, subsequent to the registration of their deed, to contribute to the expense of maintaining said canal, as provided in said deed. This right is in the nature of an easement with respect to that part of the Alexander Farm which was not conveyed to plaintiffs. It is enforceable as provided in the deed against the grantor therein, and against all persons claiming title thereto under said grantor subsequent to the registration of the deed to the plaintiffs."

The plaintiffs' contention that conditions have changed to such an extent, in the neighborhood adjacent to the defendant's garbage dump, that the covenants in the defendant's deed should not be enforced, is without merit. Changed conditions may, under certain circumstances, justify the non-enforcement of restrictive covenants, but a change, such as that suggested by the plaintiffs here, will not in any manner affect a duly recorded easement previously granted.

We do not construe the plaintiffs' complaint to allege that the nuisance complained of was the result of negligent conduct on the part of the defendant, its agents or employees. Therefore, in view of the interpretation we have given to the provisions contained in the defendant's conveyance from I. F. Shipman and wife, plaintiffs' predecessors in title, the judgment as of nonsuit entered below should be upheld.

Affirmed.