SUE AGNES BORDERS v. ELVA ELIZABETH YARBROUGH.

(Filed 15 April, 1953.)

**1. Easements § 1—**

An easement is an interest in land, and is generally created by deed.

**2. Easements § 6—**

Grantees take title to land subject to duly recorded easements which have been granted by their predecessors in title.　G.S. 47-27.

**3. Easements § 1—**

The creation of an easement by deed must not be so uncertain, vague and indefinite as to prevent identification with reasonable certainty.

**4. Same—User of reasonable easement, acquiesced in by owner of servient tenement, held to locate with sufficient certainty easement granted by deed.**

The deed to defendant stated that the lot was subject to a perpetual easement across same for a sewerage line running "from lot No. 5 to the disposal in the street."　Prior to the execution of the deed to defendant the sewerage line across defendant's lot had been constructed, and was used for some time after defendant acquired title to lot No. 6.　*Held:* The dominant and servient tenements were identified, and the user of the easement, acquiesced in by the owner of the servient estate, locates the way with sufficient certainty, and therefore the description in the deed is sufficiently definite and certain to create the easement, irrespective of any way of necessity or whether the easement is apparent or not.

APPEAL by defendant from *Crisp, Special Judge,* September Civil Term, 1952, of CLEVELAND.

This is a civil action to have the plaintiff adjudged the holder of a perpetual easement for sewerage purposes over the defendant's land; to enjoin the defendant from interfering with the plaintiff's use of the alleged easement, and for compensatory and punitive damages because of defendant's acts in interfering with the use of the alleged easement causing sewerage to back up in plaintiff's house.

The complaint in substance alleges: The plaintiff and the defendant are owners in fee simple of adjoining lots on the west side of Churchill

Drive in Shelby, North Carolina, the plaintiff owning lot No. 5 and the defendant lot No. 6 of Beam Bros. property known as "Beaumonde"; a plat of which is properly recorded in the public registry of Cleveland County. Plaintiff's deed, properly recorded is dated 1 November 1951. Defendant's deed properly recorded is dated 1 February 1952.

Immediately after the description in the deed to the defendant of lot No. 6 by metes and bounds appears the following: The same being the property conveyed 11 October, 1951, to Berender and wife by Gardner and wife, as will appear of record in the Register of Deeds Office of Cleveland County, reference being made to said deed for further identification and description of the property: "Subject to the restrictions and provisions contained in the deed above referred to, reference being made to same for full text thereof." The deed referred to recorded in Deed Book 6-P at p. 140 describes lot No. 6, and sets forth certain restrictions and easement, including the following: "this lot is sold subject to an easement across the same for a sewerage line running from lot No. 5 to the disposal in the street. This shall be a perpetual easement over this lot."

Before the plaintiff bought lot No. 5 and the defendant lot No. 6, a sewer line, pursuant to the easement granted, was run from lot No. 5 across lot No. 6; that the sewer lines of the plaintiff and defendant joined at a point on lot No. 6, and a common sewer line ran to the disposal in the street, and that this condition existed before and at the time plaintiff bought lot No. 5 and the defendant lot No. 6, and continued to exist until early June 1952.

In June 1952, the defendant had her sewer line uncovered, and discovered the joint sewer line; the defendant then had the plaintiff's sewer line disconnected, and started to take up the joint sewer line. Over the plaintiff's protests the defendant put in a different sewer line, not connecting with it the plaintiff's sewer line. The defendant then covered with dirt the lines, leaving the plaintiff's sewerage line loose in the dirt with no outlet to the disposal in the street. As a result sewage in August began backing up in plaintiff's house, and the defendant refuses to allow plaintiff to go upon her property to make necessary repairs.

From a judgment overruling a demurrer to the complaint, the defendant appeals, assigning error. Affirmed.

*Horn & West for plaintiff, appellee.*
*Horace Kennedy for defendant, appellant.*

PARKER, J. The appellant in her brief makes only these contentions: First, that the description of an easement in the deed is too uncertain, vague and indefinite to permit identification with reasonable certainty of an easement; that the claimed easement is not apparent; and that the

plaintiff does not allege in her complaint that her right to run a sewer line across defendant's lot is a way of necessity.

An easement is an interest in land, and is generally created by deed. Mordecai Law Lectures, Vol. 1, p. 464; *Norfleet v. Cromwell,* 64 N.C. 1; *Thompson v. Umberger,* 221 N.C. 178, 19 S.E. 2d 484. G.S. 47-27 provides for the recordation of deeds of easements. "Grantees take title to lands subject to duly recorded easements which have been granted by their predecessors in title. G.S. 47-27; *Walker v. Phelps,* 202 N.C. 344, 162 S.E. 727; *Norfleet v. Cromwell,* 64 N.C. 1; *Burgas v. Stoutz,* 174 La. 586, 141 So. 67; *J. T. Donohue Realty Co. v. Wagner, supra;* 28 C.J.S., Section 24, p. 676, *et seq."  Waldrop v. Brevard,* 233 N.C. 26, 62 S.E. 2d 512. To the same effect, 17 Am. Jur., Easements, Sec. 132.

"With reference to the manner of grant, the rule is that in describing an easement, all that is required is a description which identifies the land that is the subject of the easement and expresses the intention of the parties. No set form or particular words are necessary to grant an easement. As a general rule, any words clearly showing the intention to grant an easement which is by law grantable are sufficient. In easements, as in deeds generally, the intention of the parties is determined by a fair interpretation of the grant." 17 Am. Jur., Easements, Sec. 25.

"An easement may be created by express grant. No particular words are necessary to constitute a grant, and any words which clearly show the intention to give an easement, which is by law grantable, are sufficient to effect that purpose, provided the language is certain and definite in its terms. . . . The instrument should describe with reasonable certainty the easement created and the dominant and servient tenements." 28 C.J.S., Easements, Sec. 24.

It is stated in 110 A.L.R., Annotation p. 175 "where the grant of an easement of way does not definitely locate it, it has been consistently held that a reasonable and convenient way for all parties is thereby implied, in view of all the circumstances" (Citing numerous authorities); and also at p. 178 "It is a settled rule that where there is no express agreement with respect to the location of a way granted but not located, the practical location and user of a reasonable way by the grantee, acquiesced in by the grantor or owner of the servient estate, sufficiently locates the way, which will be deemed to be that which was intended by the grant."

The creation of an easement by deed must not be so uncertain, vague and indefinite as to prevent identification with reasonable certainty. *Gruber v. Eubank,* 197 N.C. 280, 148 S.E. 246; *Thompson v. Umberger, supra.*

In *Patton v. Educational Co.,* 101 N.C. 408, 8 S.E. 140, a deed in the defendant's chain of title contained this clause: "With the following reservation, that is to say, the said M. M. Patton reserves 33 feet for a

street running from the cross street down L. Clayton's fence to J. P. Jordan's fence, thence up Jordan's fence to the street that leads down to M. M. Patton's house." Patton's deed to Jordan contained the following clause: "And further, that the street now opened up through to the college land, thirty-three feet wide, shall be kept open." This Court said: "The reservation is not vague and uncertain, as in *Waugh v. Richardson,* 30 N.C. 471, and *McCormick v. Monroe,* 46 N.C. 13, relied on by defendants."

We have examined the original record in *Bender v. Tel. Co.,* 201 N.C. 355, 160 S.E. 352. The description in the conveyance of the right of way, an easement in land, is as follows: "I hereby grant unto the said company, its associated and allied companies, their respective successors, assigns, lessees and agents, the right, privilege and authority to construct, reconstruct, operate and maintain lines of telephone and telegraph, consisting of such poles, wires, cables, conduits, guys, anchors and other fixtures and appurtenances as the grantee may from time to time require, upon, across and/or under the property which I own or in which I have any interest in the Township of Nutbush, County of Warren and State of North Carolina, bounded on the East by R. J. Bender; on the South by Peter Seaman; on the West by Mrs. Henry Bender, and on the North by Frances Taylor, and upon and along the roads, streets or highways adjoining the said property, etc." This Court said in that case: "The description in the conveyance of the right-of-way, an easement in land, is sufficiently definite and certain."

Let us apply the law to the facts. A deed in the defendant's chain of title, properly recorded, and specifically referred to in the deed to the defendant states "this lot is sold subject to an easement across the same for a sewerage line running from lot No. 5 to the disposal in the street. This shall be a perpetual easement over this lot." The defendant took title to lot No. 6 subject to this duly recorded easement, which had been granted by her predecessor in title. The description in the deed identifies lot No. 6 as the subject of the easement, and expresses the intention of the parties that a sewerage line shall run from lot No. 5 over lot No. 6 to the disposal in the street. The deed describes with exactness the dominant and servient tenements.

The complaint alleges: "That the sewerage lines of the plaintiff and defendant join at a point on the aforesaid lot No. 6 and a common sewerage line ran to the disposal in the street; that this condition existed before the plaintiff acquired the aforesaid lot No. 5 and before the defendant acquired the aforesaid lot No. 6, and was in accordance with the perpetual easement over the said lot No. 6 in favor of the said lot No. 5; that this condition continued to exist until early in June 1952." In June 1952 the defendant disconnected plaintiff's line. This user of a reason-

able way for a sewerage line by the owner of lot No. 5, the dominant tenement, across lot No. 6 to the disposal in the street, acquiesced in by the owner or grantor of the servient estate, lot No. 6, sufficiently locates the way, which will be deemed to be that which was intended by the grant of the easement.

The description in the deed of the easement for a sewerage line in this case is sufficiently definite and certain and we so hold.

The facts in *Gruber v. Eubank, supra,* relied upon by the defendant, and *Thompson v. Umberger, supra,* are distinguishable.

The plaintiff having an easement created by deed does not have to allege nor contend for a way by necessity. Under the facts of this case it is immaterial whether the easement is apparent or not.

The demurrer was properly overruled, and the defendant's assignment of error is not tenable.

Affirmed.