CHESTER H. PRENTICE AND BETTY L. PRENTICE v. TALMADGE ROBERTS AND LINDA ROBERTS

No. 7628SC635

(Filed 16 February 1977)

Frauds, Statute of § 2; Boundaries § 10— contract to convey land and easement — description — latent ambiguity
    In an action to have defendants specifically perform an alleged contract for the sale of a tract of land together with an easement to said land, the trial court erred in holding that the description of the land and easement contained in the sales agreement and an at-

tached property sketch was patently ambiguous, since it was possible to locate the property by the use of extrinsic evidence referred to in the sales agreement and sketch, and the sales agreement and sketch described the easement intended to serve the land with reasonable certainty.

APPEAL by plaintiffs from *Briggs, Judge.* Judgment entered 5 March 1976 in Superior Court, BUNCOMBE County. Heard in Court of Appeals 12 January 1977.

In this civil action plaintiffs, Chester H. and Betty L. Prentice, seek to have defendants, Talmage and Linda Roberts. specifically perform an alleged contract for the sale of a ½-acre tract of land together with an easement to said land. Plaintiffs' complaint, except where quoted is summarized as follows:

On 15 December 1971 plaintiffs and defendant Linda Roberts, acting for herself and as agent for her husband, defendant Talmadge Roberts, signed a "sales agreement" which in pertinent part provides:

"This agreement is between Mrs. Talmadge (Linda) Roberts, Seller, and Chester H. & Betty L. Prentice, Buyers, all of Black Mountain, N. C.

In consideration of $300.00 and other valuable considerations, Seller agrees to sell to Buyers, a portion of her property, lying at the top of the ridge to the East of Walker Cove Road in the Black Mountain area, being approximately ½ acre in size and shown more fully in the property sketch attached.

Seller also agrees that the sale shall include an easement, in perpetuity from Walker Cove Road to an extension of the easement across Mrs. Nanney's property to the South. The easement shall be of about 30 feet in width and total length and exact position to be determined by road builder and/or engineer. Generally, it shall be approximately as shown on the attached plan.

Buyers agree to build an all-weather road (gravel with gradient of less than 15%), and a cold water line and to obtain telephone and electric service for the area."

(The sales agreement and the property sketch, marked "plaintiff's Exhibit A," were attached to and made a part of the complaint.) Plaintiffs constructed a residence partially on the

½-acre tract, and pursuant to the agreement they constructed the all-weather road and the cold water line and obtained telephone and electrical service for the area. Prior to the construction of the road and the water line, the attainment of the telephone and electrical service, and the construction of the residence, "both defendants reasserted their willingness to proceed with the transaction as set forth in said contract," and told plaintiffs to proceed with the construction of the residence, assuring them that a deed conveying the property would be delivered as soon as it could be prepared. Plaintiffs then proceeded, "in reliance upon said contract and the verbal assurances of defendants" and "at considerable expense to plaintiffs and to the enrichment of defendants." Plaintiffs have tendered to defendants the sum of three hundred dollars and stand ready to comply with all the terms of the agreement, but defendants refuse to convey the ½-acre tract and the easement.

Defendants filed an answer wherein they admitted that Linda Roberts signed the "sales agreement" but alleged that she signed the agreement " . . . in reliance upon the representation by the plaintiff, Chester H. Prentice, that the figure of $300.00 would be stated as consideration in said instrument only in order to make the same a valid and legal instrument and upon his further representation that the same did not constitute the purchase price for the property which was to be later agreed upon to be conveyed and that the parties would negotiate and agree upon the purchase price at some later date." In addition defendants denied that the property sketched was attached to the sales agreement when Linda Roberts signed it. They alleged that the agreement was void under the statute of frauds, G.S. 22-2, "for indefiniteness and uncertainty." Defendants also counterclaimed for damages resulting from plaintiffs' alleged trespass upon their property.

Defendants moved for summary judgment on the grounds that the contract upon which plaintiffs base their claim is void because it does not contain a sufficient description of the ½-acre tract and the easement to comply with the statute of frauds "even assuming the drawing plaintiffs claim was attached to the paperwriting which is the subject of the action was actually attached . . . . " Plaintiffs moved for partial summary judgment, pursuant to G.S. 1A-1, Rule 56(b), on the issue of the sufficiency of the descriptions of the ½-acre tract and the easement, "assuming for the purposes of this Motion and that

the sketch referred to in the Sales Agreement constituted a part of the Sales Agreement." The court concluded that "the alleged paperwriting upon which plaintiffs' claim is based contains no valid description and is vague, indefinite, uncertain and is patently ambiguous on its face," and entered an order allowing defendants' motion for summary judgment and denying plaintiffs' motion for partial summary judgment. Plaintiffs appealed.

*McGuire, Wood, Erwin & Crow by Charles R. Worley for plaintiff appellants.*

*Bennett, Kelly & Cagle by Robert F. Orr for defendant appellees.*

HEDRICK, Judge.

Plaintiffs assign as error the summary judgment entered for defendants. The question presented by this assignment of error is whether the descriptions of the lot and the easement in the sales agreement and the property sketch are patently or latently ambiguous.

> " . . . The only requisite in evaluating the written contract, as to the certainty of the thing described is that there be no patent ambiguity in the description. There is a patent ambiguity when the terms of the writing leaves the subject of the contract, the land, in a state of absolute uncertainty, and refer to nothing extrinsic by which it might possibly be identified with certainty . . . .
>
> A patent ambiguity raises a question of construction; a latent ambiguity raises a question of identity. If the ambiguity is latent, evidence *dehors* the contract is both competent and necessary. A description is said to be latently ambiguous if it is insufficient in itself to identify the property but refers to something extrinsic by which identification might possibly be made. In such case plaintiff may offer evidence, parol and other, with reference to such extrinsic matter tending to identify the property, and defendant may offer such evidence with reference thereto tending to show impossibility of identification, i.e., ambiguity." (Citations omitted.) *Lane v. Coe,* 262 N.C. 8, 12-13, 136 S.E. 2d 269, 273 (1964). See also *Kidd v. Early,* 289 N.C. 343, 222 S.E. 2d 392 (1976).

An easement is an interest in land and is subject to the statute of frauds. *Borders v. Yarbrough,* 237 N.C. 540, 75 S.E. 2d 541 (1953) ; *Gruber v. Eubank,* 197 N.C. 280, 148 S.E. 246 (1929). "No particular words are necessary to constitute a grant, and any words which clearly show the intention to give an easement, which is by law grantable, are sufficient to effect that purpose, provided the language is certain and definite in its terms. . . . The instrument should describe with reasonable certainty the easement created and the dominant and servient tenements." (Citations omitted.) *Hensley v. Ramsey,* 283 N.C. 714, 730, 199 S.E. 2d 1, 10 (1973). When the grant does "describe with reasonable certainty the easement created and the dominant and servient tenements," but does not definitely locate it, the easement is not held void for uncertainty under the statute of frauds, but instead, the grantee is entitled to a reasonable and convenient way located in the manner and within the limits set forth in the grant. *Andrews v. Lovejoy,* 247 N.C. 554, 101 S.E. 2d 395 (1958) ; *Borders v. Yarbrough, supra; Feldman v. Gas Pipe Line Corp.,* 9 N.C. App. 162, 175 S.E. 2d 713 (1970) ; 28 C.J.S. Easements § 80 (1941). The easement may also be located by the practical location by the grantee, acquiesced in by the grantor. *Borders v. Yarbrough, supra;* Annot. 110 A.L.R. 174, 178-180 (1937).

The property sketch referred to in the sales agreement, and made a part of the record on appeal is quite specific and depicts two tracts of land lying on the east side of a road running generally north and south. The northern tract is labeled "Roberts" and the southern tract is labeled "Nanney." At the eastern side of the Roberts' tract is depicted the four sides of a smaller tract. The easement referred to in the sales agreement is shown on the property sketch and runs from the road through the Nanney and Roberts tracts ending at the smaller parcel on the east side of the Roberts' tract. The property sketch is in considerable more detail than herein described; however, we do not feel it necessary to have the sketch reproduced in this opinion.

We hold the court erred in concluding that the description of the lot and easement contained in the sales agreement and property sketch is patently ambiguous. The description is latently ambiguous, and it may be possible to locate the property by the use of extrinsic evidence referred to in the sales agreement and sketch. The sales agreement and sketch also describe

the easement intended to serve the ½-acre lot with reasonable certainty.

Plaintiffs assign as error the denial of their motions for partial summary judgment. There can be no adjudication of plaintiffs' claim, or any part thereof, until there has been a resolution of the issue of whether the property sketch was attached to and made a part of the sales agreement. This assignment of error is not sustained.

For the reasons stated the order denying plaintiffs' motion for partial summary judgment is affirmed, the order allowing defendants' motion for summary judgment is reversed, and the cause is remanded to the superior court for further proceedings.

Affirmed in part; reversed and remanded in part.

Judges VAUGHN and CLARK concur.