IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-423

No. COA 20-412

Filed 17 August 2021

Rowan County, No. 18 CVS 2156

GLENDA K. GRIBBLE, Plaintiff,

v.

CHARLES D. BOSTIAN, JR. and wife ALMA JEAN BOSTIAN, Defendants.

Appeal by Plaintiff and Defendants from amended order entered 21 January 2020 by Judge Joseph N. Crosswhite in Rowan County Superior Court. Heard in the Court of Appeals 24 February 2021.

*Hartsell & Williams, PA, by Austin "Dutch" Entwistle III, for the Plaintiff-Appellant.*

*Shelby, Pethel, and Hudson, P.A., by John T. Hudson, for the Defendants-Appellees.*

DILLON, Judge.

¶ 1        Plaintiff and Defendants own adjoining tracts of land, which are the subjects of this action. Specifically, Plaintiff owns the tract labeled as Tract 1 on the map below; Defendants own Tract 2. Plaintiff's tract abuts a public road, while Defendants' tract does not. The issues in this case are whether Defendants have easement rights over Plaintiff's tract to access the public road and, if so, where is the location of said easement on Plaintiff's tract. The matter was tried without a jury.

The background contained herein reflects the findings as made by the trial judge. The map below is provided for a better understanding of the trial court's findings.

¶ 2   Prior to 1991, the tracts below labeled as Tract 1, Tract 2, and the Cromer Tract were all part of a single tract owned by Plaintiff's father, Glenn Smith. The tract labeled as the "Bostian Family Land" was owned by various members of the family of Defendant Charles D. Bostian. By 1991, Mr. Bostian took title to a portion of the Bostian Family Land adjacent to Tract 2.



¶ 3   The "dirt path" as depicted on the map running through Tract 1 identifies the approximate location of a dirt path that Mr. Smith used for decades to access the rear portion (the area labeled "Tract 2") of his property.

¶ 4        In 1991, Mr. Smith conveyed to Mr. Bostian by deed (the "1991 Deed") the rear portion of his large tract, specifically the area labeled as Tract 2.  The 1991 Deed also contained language granting Mr. Bostian an easement across Mr. Smith's remaining land (labeled as Tract 1) at a location *to be agreed upon* by Mr. Bostian and Mr. Smith, as follows:

> Together with a right-of-way thirty (30) feet in width running from Deal Road to this property, the exact location of said right-of-way to be agreed upon between the parties or their successors and assigns.

¶ 5        Over the next fourteen years, between 1991 and 2005, Mr. Smith and Mr. Bostian never agreed in writing where the easement referenced in the 1991 Deed would be located.  The trial court did not make any findings as to whether Mr. Smith and Mr. Bostian expressly orally agreed as to the easement location.  (The evidence was conflicting as to whether they had orally agreed that the dirt path would serve as the easement.)  In any event, Mr. Bostian began and continued to utilize the dirt path to access Tract 2 from Deal Road.  Mr. Smith acquiesced to Mr. Bostian's use of the dirt path, never complaining or objecting.  There is no evidence that Defendants ever used any other portion of Tract 1 as an easement to access Tract 2.  Further, there was no evidence offered by either party that the easement was at a location on Tract 1 other than along the dirt path.

¶ 6        In 2005, Mr. Smith died.  Plaintiff inherited Tract 1, the tract where the dirt

path is located, from her father Mr. Smith.[1]  Plaintiff desired to sell Tract 1 but learned that potential buyers were deterred by the existence of a dirt path running through the middle of that tract.  One day after her father's funeral, Plaintiff placed posts to block the dirt path.  These posts were quickly removed after Defendants complained, claiming to have easement rights in the dirt path.

¶ 7        At some later point, Defendants' daughter-in-law, who is not a party to this appeal, came to own a portion of Tract 2, specifically the area on Tract 2 labeled with the slanting lines.

¶ 8        In 2018, Plaintiff commenced this matter to resolve the easement dispute. Following a bench trial, the trial court entered its Amended Order, determining that Plaintiff's Tract 1 is burdened by an appurtenant easement in favor of Tract 2.[2] However, the trial court did not determine that the easement was located along the existing dirt path.  Rather, the trial court determined that the location of the easement would be along Tract 1's boundary with the Cromer Tract, in the area labeled by the x's ("xxxxx") on the above map, notwithstanding that no party ever advocated for this location nor was there any evidence that Defendants or anyone

---

[1] Plaintiff did not inherit the portion of land labeled as the Cromer Tract.  Rather, at some point before his death, Mr. Smith conveyed the Cromer Tract to Michael Cromer.  This Cromer Tract is not relevant to the present dispute between Plaintiff and Defendants.

[2] The original order was improperly titled "Plaintiff's Trial Brief," so the court filed an Amended Order to correct its scrivener's error.

ever used this location to access Tract 1. Plaintiff and Defendants each noticed an appeal.

## I. Standard of Review

The standard of review from a bench trial is whether there exists competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment. *In re L.M.T.*, 367 N.C. 165, 168, 752 S.E.2d 453, 455 (2013). Since the trial judge acts as the factfinder, the trial court resolves any conflicts in the evidence; any findings made by the trial judge are binding on appeal if supported by competent evidence. *Williams v. Pilot Life Ins. Co.*, 288 N.C. 338, 342, 218 S.E.2d 368, 371 (1975). "Conclusions of law drawn by the trial judge from the findings of fact are reviewable de novo on appeal." *Humphries v. Jacksonville*, 300 N.C. 186, 187, 265 S.E.2d 189, 190 (1980).

## II. Analysis

For the reasons stated below, we conclude that the trial court's findings support the portion of its Amended Order determining that Defendants have easement rights across Plaintiff's tract to access the tract conveyed to Mr. Bostian in 1991. However, we further conclude that the trial court's findings do not support the portion of its Amended Order determining *the location* of the easement to be along the edge of Tract 1. The findings only support a determination that the easement is located along the dirt path. We modify the trial court's Amended Order accordingly.

By locating the easement along the edge of Plaintiff's tract—a location no one advocated for and for which no evidence was offered—it appears that the trial court sought to achieve a compromise by recognizing an easement in favor of Defendants, but in a way that would cause Plaintiff minimal economic harm. However, we must follow the law; and the law requires that the facts, as found by the trial court, must lead to the conclusion that the dirt path is the easement.

A. Mr. Smith's 1991 Deed Created an Express Easement Along the Dirt Path

Our courts have taken a lenient approach in recognizing easements that are expressly granted but where the grant does not expressly state the easement's precise location on the servient estate. Our Supreme Court has long held that the Statute of Frauds is satisfied so long as the dominant and servient estates are identified and the *nature* of the easement is sufficiently described in the writing:

> No particular words are necessary to constitute a grant, and any words which clearly show the intention to give an easement, which is by law grantable, are sufficient to effect that purpose, provided the language is certain and definite in its terms[.]
>
> The instrument should describe with reasonable certainty the easement created and the dominant and servient tenements.

*Hensley v. Ramsey*, 283 N.C. 714, 730, 199 S.E.2d 1, 10 (1973) (citation omitted). That Court has held that where the location of the easement itself is not expressed in the grant, its location is established when the owner of the dominant estate makes

reasonable use of a portion of the servient estate for ingress and egress, and this use

is acquiesced to by the owner of the servient estate:

> It is a settled rule that where there is no express agreement with respect to the location of a way granted but not located, the practical location and use of a reasonable way by the grantee, acquiesced in by the grantor or owner of the servient estate, sufficiently locates the way, which will be deemed to be that which was intended by the grant.

*Borders v. Yarbrough*, 237 N.C. 540, 542, 75 S.E.2d 541, 543 (1953). This holding was

reaffirmed by that Court in *Builders Supplies Co. v. Gainey*, 282 N.C. 261, 269-70,

192 S.E.2d 449, 455 (1972).

¶ 13 Our Supreme Court later held that the subsequent owner of the servient tract

(such as Plaintiff in the present case) is bound as to the location of the easement

where that location was acquiesced to by her predecessor in title (Plaintiff's father in

this case) who created the easement:

> The use of roads in question by [the owners of the dominant estate], acquiesced in by [the] predecessors in title of the servient estate, sufficiently locates the roads on the ground, which is deemed to be that which was intended by the reservation of the easements.

*Allen v. Duvall*, 311 N.C. 245, 251, 316 S.E.2d 267, 271 (1984) (citing *Borders*, 237

N.C. at 542, 75 S.E.2d at 543.).

¶ 14 In the present case, the trial court found facts amply supported by the

evidence,[3] as follows: Mr. Smith executed the 1991 Deed conveying the rear portion of his tract to Defendants. For decades prior to 1991, the dirt path was located on Mr. Smith's land and was used to access the rear portion of his tract from Deal Road. The 1991 Deed contains language identifying the dominant tract being conveyed (Tract 2) and the servient estate (Mr. Smith's retained land (Tract 1)), and the nature of the easement being granted (a 30-foot-wide easement running from Deal Road to the dominant estate being conveyed). The 1991 Deed does not expressly identify the exact location of the easement being granted but contemplates that the parties would later agree as to the location. Although the parties never entered into any written agreement regarding the location of the easement, Mr. Bostian began to use and continued to use the dirt path to access his dominant estate from the time Mr. Smith conveyed that tract to him until Mr. Smith's death. Mr. Smith acquiesced to Mr. Bostian's use of the dirt path for ingress and egress. And when Defendants finished paying for Tract 2, Mr. Smith had a survey prepared showing the dirt path leading from Deal Road to Tract 2, with no other easement leading to Tract 2 from Deal Road.

¶ 15 There was no evidence offered or finding made that Mr. Bostian ever used, or that he and Mr. Smith ever discussed him using, the area that the trial court

---

[3] Plaintiff argues that the trial court erred by admitting evidence concerning statements made by Mr. Smith, in violation of the Dead Man's Statute and the Rules of Evidence. We disagree, but even if the trial court did err, there is still considerable evidence outside the testimony to support our conclusion.

ultimately determined to be the location of the easement (labeled by the x's). This location was apparently picked by the trial court on its own. In fact, the record reveals no evidence offered or finding made that any portion of the servient estate that Plaintiff now owns, other than the dirt path, was ever used by Defendants for ingress and egress to their dominant estate.

¶ 16        Following our Supreme Court precedent, we must conclude that the findings of the trial court compel a judgment that the dirt path located on Tract 1 constitutes an appurtenant easement for the benefit of Tract 2.

### B. The Dirt Path Easement Benefits Only Tract 2

¶ 17        We are cognizant that Mr. Bostian also owns part of the "Bostian Family Land" tract, adjacent to his Tract 2. However, following our Supreme Court precedent, we conclude that the easement granted by Mr. Smith in his 1991 Deed only grants Mr. Bostian (and his successors in title to Tract 2) the right to use the dirt path to access Tract 2; the grant did not create easement rights to access any other land, including the Bostian Family Land. Specifically, our Supreme Court has held that:

> One having a right of way appurtenant to certain land cannot use it for the benefit of other land to which the right is not attached, [even if] such land is within the same inclosure with that to which the easement belongs[.]
>
> * * *
>
> The way is granted for the benefit of the particular land, and its use is limited to such land. Its use cannot be

extended to other land . . . without the consent of the owner
of the servient estate.

*Wood v. Woodley*, 160 N.C. 17, 19-20, 75 S.E. 719, 720 (1912); *see Hales v. R.R.,* 172 N.C. 104, 107, 90 S.E. 11, 12 (1916) ("[A]n easement of right of way over another's property is appurtenant to the particular piece of ground of the dominant owner with which it is granted, and is not personal to the owner, [and he is not] authoriz[ed] to use it in connection with other real estate he may own abutting the right of way."); *see also Meyers v. Reaves*, 193 N.C. 172, 178, 136 S.E. 561, 564 (1927) ("One having a right of way appurtenant to certain land cannot use it for the benefit of other land to which the right is not attached[.]").

## C. Evidentiary Analysis

Plaintiff takes issue with many of the evidentiary determinations made by the trial court, arguing that there were violations of the Dead Man's Statute and the North Carolina Rules of Evidence, prohibiting certain hearsay evidence of what Mr. Smith, now deceased, might have said concerning certain matters.

Our resolution of this appeal does not rely on what Mr. Smith might have said, but rather is supported by the other evidence. Notwithstanding, we conclude that Plaintiff waived application of the Dead Man's Statute by opening the door to the testimony regarding what Mr. Smith might have said. *See Davison v. Land Co.*, 126 N.C. 704, 708, 36 S.E. 162, 163 (1900). Specifically, Plaintiff's counsel asked Mr.

Bostian repeatedly about conversations he had with Mr. Smith. Further, to the extent that Mr. Smith's statements offered at trial constituted hearsay, these statements fall within an exception that allows into evidence statements made by an unavailable witness. N.C. Gen. Stat. § 8C-1, Rule 804 (2018) (a witness is "unavailable" because he is "unable to be present or to testify at the hearing because of death[.]"). Further, when a declarant is unavailable, "North Carolina cases have recognized declarations against pecuniary or proprietary interest as an exception to the hearsay rule." *See* Brandis on North Carolina Evidence § 147 (1982). Any statement by Mr. Smith which would tend to show that he acquiesced to the dirt path being the easement—a path that runs through the middle of the tract—would have been against his pecuniary interests.

## III. Conclusion

We affirm the portion of the trial court's Amended Order determining that Defendants have appurtenant easement rights across Plaintiff's tract to access the tract Mr. Bostian acquired from Mr. Smith in 1991.

We modify the portion of the trial court's Amended Order locating the easement along the edge of Tract 1 following its boundary with the Cromer Tract. We declare, based on the trial court's findings of fact, that the easement location is a thirty-foot wide path that includes the dirt path that Defendants have been using which runs through the middle of Plaintiff's tract, a use that was acquiesced to by

Mr. Smith.

AFFIRMED IN PART, MODIFIED IN PART.

Judges INMAN and JACKSON concur.