IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-423

 No. COA 20-412

 Filed 17 August 2021

 Rowan County, No. 18 CVS 2156

 GLENDA K. GRIBBLE, Plaintiff,

 v.

 CHARLES D. BOSTIAN, JR. and wife ALMA JEAN BOSTIAN, Defendants.

 Appeal by Plaintiff and Defendants from amended order entered 21 January

 2020 by Judge Joseph N. Crosswhite in Rowan County Superior Court. Heard in the

 Court of Appeals 24 February 2021.

 Hartsell & Williams, PA, by Austin “Dutch” Entwistle III, for the Plaintiff-
 Appellant.

 Shelby, Pethel, and Hudson, P.A., by John T. Hudson, for the Defendants-
 Appellees.

 DILLON, Judge.

¶1 Plaintiff and Defendants own adjoining tracts of land, which are the subjects

 of this action. Specifically, Plaintiff owns the tract labeled as Tract 1 on the map

 below; Defendants own Tract 2. Plaintiff’s tract abuts a public road, while

 Defendants’ tract does not. The issues in this case are whether Defendants have

 easement rights over Plaintiff’s tract to access the public road and, if so, where is the

 location of said easement on Plaintiff’s tract. The matter was tried without a jury.
 GRIBBLE V. BOSTIAN

 2021-NCCOA-423

 Opinion of the Court

 The background contained herein reflects the findings as made by the trial judge.

 The map below is provided for a better understanding of the trial court’s findings.

¶2 Prior to 1991, the tracts below labeled as Tract 1, Tract 2, and the Cromer

 Tract were all part of a single tract owned by Plaintiff’s father, Glenn Smith. The

 tract labeled as the “Bostian Family Land” was owned by various members of the

 family of Defendant Charles D. Bostian. By 1991, Mr. Bostian took title to a portion

 of the Bostian Family Land adjacent to Tract 2.

¶3 The “dirt path” as depicted on the map running through Tract 1 identifies the

 approximate location of a dirt path that Mr. Smith used for decades to access the rear

 portion (the area labeled “Tract 2”) of his property.
 GRIBBLE V. BOSTIAN

 2021-NCCOA-423

 Opinion of the Court

¶4 In 1991, Mr. Smith conveyed to Mr. Bostian by deed (the “1991 Deed”) the rear

 portion of his large tract, specifically the area labeled as Tract 2. The 1991 Deed also

 contained language granting Mr. Bostian an easement across Mr. Smith’s remaining

 land (labeled as Tract 1) at a location to be agreed upon by Mr. Bostian and Mr. Smith,

 as follows:

 Together with a right-of-way thirty (30) feet in width
 running from Deal Road to this property, the exact location
 of said right-of-way to be agreed upon between the parties
 or their successors and assigns.

¶5 Over the next fourteen years, between 1991 and 2005, Mr. Smith and Mr.

 Bostian never agreed in writing where the easement referenced in the 1991 Deed

 would be located. The trial court did not make any findings as to whether Mr. Smith

 and Mr. Bostian expressly orally agreed as to the easement location. (The evidence

 was conflicting as to whether they had orally agreed that the dirt path would serve

 as the easement.) In any event, Mr. Bostian began and continued to utilize the dirt

 path to access Tract 2 from Deal Road. Mr. Smith acquiesced to Mr. Bostian’s use of

 the dirt path, never complaining or objecting. There is no evidence that Defendants

 ever used any other portion of Tract 1 as an easement to access Tract 2. Further,

 there was no evidence offered by either party that the easement was at a location on

 Tract 1 other than along the dirt path.

¶6 In 2005, Mr. Smith died. Plaintiff inherited Tract 1, the tract where the dirt
 GRIBBLE V. BOSTIAN

 2021-NCCOA-423

 Opinion of the Court

 path is located, from her father Mr. Smith.1 Plaintiff desired to sell Tract 1 but

 learned that potential buyers were deterred by the existence of a dirt path running

 through the middle of that tract. One day after her father’s funeral, Plaintiff placed

 posts to block the dirt path. These posts were quickly removed after Defendants

 complained, claiming to have easement rights in the dirt path.

¶7 At some later point, Defendants’ daughter-in-law, who is not a party to this

 appeal, came to own a portion of Tract 2, specifically the area on Tract 2 labeled with

 the slanting lines.

¶8 In 2018, Plaintiff commenced this matter to resolve the easement dispute.

 Following a bench trial, the trial court entered its Amended Order, determining that

 Plaintiff’s Tract 1 is burdened by an appurtenant easement in favor of Tract 2.2

 However, the trial court did not determine that the easement was located along the

 existing dirt path. Rather, the trial court determined that the location of the

 easement would be along Tract 1’s boundary with the Cromer Tract, in the area

 labeled by the x’s (“xxxxx”) on the above map, notwithstanding that no party ever

 advocated for this location nor was there any evidence that Defendants or anyone

 1 Plaintiff did not inherit the portion of land labeled as the Cromer Tract. Rather, at
 some point before his death, Mr. Smith conveyed the Cromer Tract to Michael Cromer. This
 Cromer Tract is not relevant to the present dispute between Plaintiff and Defendants.
 2 The original order was improperly titled “Plaintiff’s Trial Brief,” so the court filed an

 Amended Order to correct its scrivener’s error.
 GRIBBLE V. BOSTIAN

 2021-NCCOA-423

 Opinion of the Court

 ever used this location to access Tract 1. Plaintiff and Defendants each noticed an

 appeal.

 I. Standard of Review

¶9 The standard of review from a bench trial is whether there exists competent

 evidence to support the trial court’s findings of fact and whether the findings support

 the conclusions of law and ensuing judgment. In re L.M.T., 367 N.C. 165, 168, 752

 S.E.2d 453, 455 (2013). Since the trial judge acts as the factfinder, the trial court

 resolves any conflicts in the evidence; any findings made by the trial judge are binding

 on appeal if supported by competent evidence. Williams v. Pilot Life Ins. Co., 288

 N.C. 338, 342, 218 S.E.2d 368, 371 (1975). “Conclusions of law drawn by the trial

 judge from the findings of fact are reviewable de novo on appeal.” Humphries v.

 Jacksonville, 300 N.C. 186, 187, 265 S.E.2d 189, 190 (1980).

 II. Analysis

¶ 10 For the reasons stated below, we conclude that the trial court’s findings

 support the portion of its Amended Order determining that Defendants have

 easement rights across Plaintiff’s tract to access the tract conveyed to Mr. Bostian in

 1991. However, we further conclude that the trial court’s findings do not support the

 portion of its Amended Order determining the location of the easement to be along

 the edge of Tract 1. The findings only support a determination that the easement is

 located along the dirt path. We modify the trial court’s Amended Order accordingly.
 GRIBBLE V. BOSTIAN

 2021-NCCOA-423

 Opinion of the Court

¶ 11 By locating the easement along the edge of Plaintiff’s tract—a location no one

 advocated for and for which no evidence was offered—it appears that the trial court

 sought to achieve a compromise by recognizing an easement in favor of Defendants,

 but in a way that would cause Plaintiff minimal economic harm. However, we must

 follow the law; and the law requires that the facts, as found by the trial court, must

 lead to the conclusion that the dirt path is the easement.

 A. Mr. Smith’s 1991 Deed Created an Express Easement Along the Dirt Path

¶ 12 Our courts have taken a lenient approach in recognizing easements that are

 expressly granted but where the grant does not expressly state the easement’s precise

 location on the servient estate. Our Supreme Court has long held that the Statute of

 Frauds is satisfied so long as the dominant and servient estates are identified and

 the nature of the easement is sufficiently described in the writing:

 No particular words are necessary to constitute a grant,
 and any words which clearly show the intention to give an
 easement, which is by law grantable, are sufficient to effect
 that purpose, provided the language is certain and definite
 in its terms[.]

 The instrument should describe with reasonable certainty
 the easement created and the dominant and servient
 tenements.

 Hensley v. Ramsey, 283 N.C. 714, 730, 199 S.E.2d 1, 10 (1973) (citation omitted). That

 Court has held that where the location of the easement itself is not expressed in the

 grant, its location is established when the owner of the dominant estate makes
 GRIBBLE V. BOSTIAN

 2021-NCCOA-423

 Opinion of the Court

 reasonable use of a portion of the servient estate for ingress and egress, and this use

 is acquiesced to by the owner of the servient estate:

 It is a settled rule that where there is no express agreement
 with respect to the location of a way granted but not
 located, the practical location and use of a reasonable way
 by the grantee, acquiesced in by the grantor or owner of the
 servient estate, sufficiently locates the way, which will be
 deemed to be that which was intended by the grant.

 Borders v. Yarbrough, 237 N.C. 540, 542, 75 S.E.2d 541, 543 (1953). This holding was

 reaffirmed by that Court in Builders Supplies Co. v. Gainey, 282 N.C. 261, 269-70,

 192 S.E.2d 449, 455 (1972).

¶ 13 Our Supreme Court later held that the subsequent owner of the servient tract

 (such as Plaintiff in the present case) is bound as to the location of the easement

 where that location was acquiesced to by her predecessor in title (Plaintiff’s father in

 this case) who created the easement:

 The use of roads in question by [the owners of the dominant
 estate], acquiesced in by [the] predecessors in title of the
 servient estate, sufficiently locates the roads on the
 ground, which is deemed to be that which was intended by
 the reservation of the easements.

 Allen v. Duvall, 311 N.C. 245, 251, 316 S.E.2d 267, 271 (1984) (citing Borders, 237

 N.C. at 542, 75 S.E.2d at 543.).

¶ 14 In the present case, the trial court found facts amply supported by the
 GRIBBLE V. BOSTIAN

 2021-NCCOA-423

 Opinion of the Court

 evidence,3 as follows: Mr. Smith executed the 1991 Deed conveying the rear portion

 of his tract to Defendants. For decades prior to 1991, the dirt path was located on

 Mr. Smith’s land and was used to access the rear portion of his tract from Deal Road.

 The 1991 Deed contains language identifying the dominant tract being conveyed

 (Tract 2) and the servient estate (Mr. Smith’s retained land (Tract 1)), and the nature

 of the easement being granted (a 30-foot-wide easement running from Deal Road to

 the dominant estate being conveyed). The 1991 Deed does not expressly identify the

 exact location of the easement being granted but contemplates that the parties would

 later agree as to the location. Although the parties never entered into any written

 agreement regarding the location of the easement, Mr. Bostian began to use and

 continued to use the dirt path to access his dominant estate from the time Mr. Smith

 conveyed that tract to him until Mr. Smith’s death. Mr. Smith acquiesced to Mr.

 Bostian’s use of the dirt path for ingress and egress. And when Defendants finished

 paying for Tract 2, Mr. Smith had a survey prepared showing the dirt path leading

 from Deal Road to Tract 2, with no other easement leading to Tract 2 from Deal Road.

¶ 15 There was no evidence offered or finding made that Mr. Bostian ever used, or

 that he and Mr. Smith ever discussed him using, the area that the trial court

 3 Plaintiff argues that the trial court erred by admitting evidence concerning
 statements made by Mr. Smith, in violation of the Dead Man’s Statute and the Rules of
 Evidence. We disagree, but even if the trial court did err, there is still considerable evidence
 outside the testimony to support our conclusion.
 GRIBBLE V. BOSTIAN

 2021-NCCOA-423

 Opinion of the Court

 ultimately determined to be the location of the easement (labeled by the x’s). This

 location was apparently picked by the trial court on its own. In fact, the record

 reveals no evidence offered or finding made that any portion of the servient estate

 that Plaintiff now owns, other than the dirt path, was ever used by Defendants for

 ingress and egress to their dominant estate.

¶ 16 Following our Supreme Court precedent, we must conclude that the findings

 of the trial court compel a judgment that the dirt path located on Tract 1 constitutes

 an appurtenant easement for the benefit of Tract 2.

 B. The Dirt Path Easement Benefits Only Tract 2

¶ 17 We are cognizant that Mr. Bostian also owns part of the “Bostian Family Land”

 tract, adjacent to his Tract 2. However, following our Supreme Court precedent, we

 conclude that the easement granted by Mr. Smith in his 1991 Deed only grants Mr.

 Bostian (and his successors in title to Tract 2) the right to use the dirt path to access

 Tract 2; the grant did not create easement rights to access any other land, including

 the Bostian Family Land. Specifically, our Supreme Court has held that:

 One having a right of way appurtenant to certain land
 cannot use it for the benefit of other land to which the right
 is not attached, [even if] such land is within the same
 inclosure with that to which the easement belongs[.]

 ***

 The way is granted for the benefit of the particular land,
 and its use is limited to such land. Its use cannot be
 GRIBBLE V. BOSTIAN

 2021-NCCOA-423

 Opinion of the Court

 extended to other land . . . without the consent of the owner
 of the servient estate.

 Wood v. Woodley, 160 N.C. 17, 19-20, 75 S.E. 719, 720 (1912); see Hales v. R.R., 172

 N.C. 104, 107, 90 S.E. 11, 12 (1916) (“[A]n easement of right of way over another’s

 property is appurtenant to the particular piece of ground of the dominant owner with

 which it is granted, and is not personal to the owner, [and he is not] authoriz[ed] to

 use it in connection with other real estate he may own abutting the right of way.”);

 see also Meyers v. Reaves, 193 N.C. 172, 178, 136 S.E. 561, 564 (1927) (“One having a

 right of way appurtenant to certain land cannot use it for the benefit of other land to

 which the right is not attached[.]”).

 C. Evidentiary Analysis

¶ 18 Plaintiff takes issue with many of the evidentiary determinations made by the

 trial court, arguing that there were violations of the Dead Man’s Statute and the

 North Carolina Rules of Evidence, prohibiting certain hearsay evidence of what Mr.

 Smith, now deceased, might have said concerning certain matters.

¶ 19 Our resolution of this appeal does not rely on what Mr. Smith might have said,

 but rather is supported by the other evidence. Notwithstanding, we conclude that

 Plaintiff waived application of the Dead Man’s Statute by opening the door to the

 testimony regarding what Mr. Smith might have said. See Davison v. Land Co., 126

 N.C. 704, 708, 36 S.E. 162, 163 (1900). Specifically, Plaintiff’s counsel asked Mr.
 GRIBBLE V. BOSTIAN

 2021-NCCOA-423

 Opinion of the Court

 Bostian repeatedly about conversations he had with Mr. Smith. Further, to the

 extent that Mr. Smith’s statements offered at trial constituted hearsay, these

 statements fall within an exception that allows into evidence statements made by an

 unavailable witness. N.C. Gen. Stat. § 8C-1, Rule 804 (2018) (a witness is

 “unavailable” because he is “unable to be present or to testify at the hearing because

 of death[.]”). Further, when a declarant is unavailable, “North Carolina cases have

 recognized declarations against pecuniary or proprietary interest as an exception to

 the hearsay rule.” See Brandis on North Carolina Evidence § 147 (1982). Any

 statement by Mr. Smith which would tend to show that he acquiesced to the dirt path

 being the easement—a path that runs through the middle of the tract—would have

 been against his pecuniary interests.

 III. Conclusion

¶ 20 We affirm the portion of the trial court’s Amended Order determining that

 Defendants have appurtenant easement rights across Plaintiff’s tract to access the

 tract Mr. Bostian acquired from Mr. Smith in 1991.

¶ 21 We modify the portion of the trial court’s Amended Order locating the

 easement along the edge of Tract 1 following its boundary with the Cromer Tract. We

 declare, based on the trial court’s findings of fact, that the easement location is a

 thirty-foot wide path that includes the dirt path that Defendants have been using

 which runs through the middle of Plaintiff’s tract, a use that was acquiesced to by
 GRIBBLE V. BOSTIAN

 2021-NCCOA-423

 Opinion of the Court

Mr. Smith.

 AFFIRMED IN PART, MODIFIED IN PART.

 Judges INMAN and JACKSON concur.