CHARLES A. REAP AND WIFE, MRS. CHARLES A. REAP; MRS. TITUS
    WHITLEY (WIDOW); R. J. RUSSELL AND WIFE, MRS. R. J. RUS-
    SELL; J. H. HARTSELL AND WIFE, MRS. J. H. HARTSELL; R. C.
    LITTLE AND WIFE, MRS. R. C. LITTLE; W. F. HARTSELL AND
    WIFE, MRS. W. F. HARTSELL; GROVER A. LITTLE AND WIFE,
    MRS. GROVER A. LITTLE; CLAUDE BURLEYSON; CARRIE
    BURLEYSON; Q. A. FOREMAN; H. C. HUSSEY AND WIFE, MRS.
    H. C. HUSSEY; EDGAR C. MORTON AND WIFE, MRS. EDGAR C.
    MORTON; W. T. CARPENTER AND WIFE, MRS. W. T. CARPEN-
    TER; WILLIAM R. GREEN AND WIFE, MRS. WILLIAM R. GREEN;
    MRS. NADIE SIDES AUSTIN; CHARLIE B. McSWAIN AND WIFE,
    MRS. CHARLIE B. McSWAIN; R. N. MORGAN AND WIFE, MRS.
    R. N. MORGAN; JAMES A. TUCKER AND WIFE, MRS. JAMES A.
    TUCKER; LOWDER FARMS, INC.; J. R. HATHCOCK AND WIFE,
    MRS. J. R. HATHCOCK; I. M. DICK AND WIFE, MRS. I. M. DICK;
    FRANK SIDES AND WIFE, MRS. FRANK SIDES; D. L. HARTSELL
    AND WIFE, MRS. D. L. HARTSELL; DR. GEORGE EDDINS; ISAAC
    RUSSELL; MARVIN L. BURRIS AND WIFE, MARJORIE M. BURRIS;
    VERDIE R. HOLT; RUBY HAHN; GURNIE SMITH AND WIFE,
    DOROTHY SMITH v. CITY OF ALBEMARLE

No. 7220SC591

(Filed 20 September 1972)

1. **Appeal and Error § 39— docketing of record — extension of time after original time has expired**

    After the time for docketing the record on appeal in the appellate court had expired, the trial judge could not then enter a valid order extending the time for docketing.

2. **Municipal Corporations § 21— discharge of sewage into creek — action to enjoin — summary judgment**

    Defendant municipality was entitled to summary judgment in an action by landowners to enjoin the municipality from discharging sewage into a creek and to recover damages to their property allegedly caused by the sewage.

APPEAL by all plaintiffs, except Lowder Farms, Inc. and Isaac Russell, from summary judgment entered for defendant by *Collier, Judge,* 31 January 1972 Session of Superior Court held in STANLY County.

Plaintiffs are the owners of various tracts of land situated near Long Creek in Stanly County. In this action, instituted 10 December 1970, they allege that the City of Albemarle is discharging sewage into Long Creek and that the sewage pollutes the creek, causes foul odors to emit therefrom, and generally renders land along the creek unfit for useful pur-

poses. Plaintiffs contend in their complaint that this alleged conduct constitutes a nuisance and amounts to an unlawful appropriation of their property by the City. They ask that the alleged nuisance be abated by permanent injunction and that they be awarded damages.

The City filed answer and admitted that it discharges sewage from a sewage treatment plant into Long Creek. It denied, however, that the sewage has caused any harm to plaintiffs or their property. The City alleged as affirmative defenses against the claims of all plaintiffs, except those of Lowder Farms, Inc. and Isaac Russell, that it has the right under various easements to discharge sewage in the manner alleged in the complaint.

The parties entered individual stipulations which establish that the lands of all plaintiffs, except those of Lowder Farms, Inc. and Issac Russell, are encumbered by recorded easements which give the City the perpetual right to maintain a sewage system and to discharge over said lands all sewage "which may be, or which may hereafter be connected with the sewerage system." Each easement also provides in substance that the owner (or owners) of the lands, his (or their) heirs and assigns, or anyone claiming under them shall be perpetually barred from bringing an action against the City for past damages or damages that may accrue in the future by reason of sewage being discharged into Long Creek.

The City moved for summary judgment against all plaintiffs except Lowder Farms, Inc. and Isaac Russell and offered the stipulations in support of its motion. No evidence was offered in opposition to the motion and the motion was allowed.

*Benjamin D. McCubbins and Graham M. Carlton for plaintiff appellants.*

*Henry C. Doby, Jr., for defendant appellee.*

GRAHAM, Judge.

[1] The judgment appealed from is dated 2 February 1972. The record on appeal was docketed in the Court of Appeals on 16 June 1972. Absent a valid order extending the time to docket, the time for docketing the record on appeal in this case expired on 2 May 1972, or 90 days after 2 February 1972. Rule 5, Rules

of Practice in the Court of Appeals. On 14 May 1972, appellants obtained from Judge Collier an order purporting to extend the time for docketing the record on appeal until 15 June 1972. After the time for docketing the record on appeal in this Court had expired, the trial judge could not then enter a valid order extending the time. In *Roberts v. Stewart* and *Newton v. Stewart,* 3 N.C. App. 120, 164 S.E. 2d 58 (1968), *cert. denied,* 275 N.C. 137, the rule is stated as follows:

> " \* \* \* The record on appeal must be docketed in the Court of Appeals within ninety days after the date of the judgment, order, decree or determination appealed from. Within this period of ninety days, *but not after the expiration thereof,* the trial tribunal may for good cause extend the time not exceeding sixty days for docketing the record on appeal. \* \* \* " (Emphasis added.)

The order purporting to extend the time for docketing in this case is ineffective. Even so, appellants did not docket their case within the extension of time provided in the order. Moreover, their brief was not timely filed and defendant has moved that the appeal be dismissed pursuant to Rule 28, Rules of Practice in the Court of Appeals.

[2] For failure to comply with the Rules of Practice in this Court, appellants' appeal is dismissed. Before dismissing the appeal, however, we reviewed appellants' contentions. It is our opinion that, based upon the state of the record before the trial judge, defendant was entitled to summary judgment. *Waldrop v. Brevard,* 233 N.C. 26, 62 S.E. 2d 512.

Appeal dismissed.

Judges PARKER and VAUGHN concur.