**LEE v. TOLSON**

[166 N.C. App. 256 (2004)]

━━━━━━━━

DELMON LEE, JR., Plaintiff-appellant v. E. NORRIS TOLSON, in his official capacity as the SECRETARY of the N.C. DEPARTMENT OF REVENUE, Defendant-appellee

LARRY FITCH CLARK, SR., Plaintiff-appellant v. E. NORRIS TOLSON, in his official capacity as the SECRETARY of the N.C. DEPARTMENT OF REVENUE, Defendant-appellee

No. COA03-1183

(Filed 7 September 2004)

**Taxation— action in superior court—time limits—jurisdiction**

The trial court properly granted summary judgment for defendant Secretary of Revenue in an action to recover taxes assessed on moonshine because the time limit for filing in the courts after an unsuccessful administrative action had expired. The Court of Appeals could not use certiorari to invoke juris-

**LEE v. TOLSON**

[166 N.C. App. 256 (2004)]

diction which the superior court could not itself invoke. N.C.G.S. §§ 105-241.4, 105-266.1; N.C.R. App. P. 3(c).

Appeal by plaintiffs from judgment entered by Judge Wiley F. Bowen in Harnett County Superior Court. Heard in the Court of Appeals 9 June 2004.

*Thomas Edward Hodges for the plaintiffs-appellants.*

*Attorney General Roy Cooper, by Assistant Attorney General Alexandra M. Hightower for the defendant-appellee Secretary of Revenue.*

ELMORE, Judge.

On 15 January 1999, Alcohol Law Enforcement (ALE) and the Harnett County Sheriff's Department obtained search warrants and simultaneously conducted a raid on a distillery located on lands of Larry Fitch Clark, Sr. (Clark) and a raid on the residence of Delmon Lee, Jr. (Lee). The raids resulted in the seizure of a distillery, 1,552 gallons of moonshine and 9,485 gallons of mash from Clark's property, and $37,200.00 in cash from Lee's residence.

The Secretary of Revenue (Secretary) prepared a warrant for collection of taxes against Clark and Lee, with a total tax indebtedness of $35,420.42, including penalties and interest. The warrant was executed by levying on seized cash in the custody of the Harnett County Sheriff's Department in the amount of $35,420.42. Because the assessment was paid within 48 hours of possession, the penalties and interest were eliminated, and a sum of $5,194.00 was returned to Lee.

Lee and Clark mailed letters protesting the assessment of taxes against them to the Secretary. A hearing was held by the Assistant Secretary, and the tax assessment was upheld. Plaintiffs filed for administrative review before the Tax Review Board. The Tax Review Board confirmed the Assistant Secretary's decision. Plaintiffs then filed suit in Harnett County Superior Court pursuant to N.C. Gen. Stat. § 105-267. The trial court granted Defendant Secretary's motion for summary judgment. From that order granting summary judgment, plaintiffs appeal.

As a preliminary issue, we must first address whether plaintiffs-appellants timely filed the appeal, and whether they timely filed suit in the superior court. We hold that suit was not timely brought in the lower court, and consequently, summary judgment was appropriate.

Our General Statutes clearly define the time limits relevant to this case. The process for protesting a levied tax is outlined in N.C. Gen. Stat. § 105-267 (2003):

> No court of this State shall entertain a suit of any kind brought for the purpose of preventing the collection of any tax imposed in this Subchapter. Whenever a person has a valid defense to the enforcement of the collection of a tax, the person shall pay the tax to the proper officer, and that payment shall be without prejudice to any defense of rights the person may have regarding the tax. At any time within the applicable protest period, the taxpayer may demand a refund of the tax paid in writing from the Secretary and if the tax is not refunded within 90 days thereafter, may sue the Secretary in the courts of the State for the amount demanded. The protest period for a tax levied in Article 2A, 2C, or 2D of this Chapter is 30 days after payment. The protest period for all other taxes is three years after payment.

N.C. Gen. Stat. § 105-267 (2003). We note that unauthorized substances taxes are levied under article 2D.

Plaintiffs here followed proper procedure as it pertained to the administrative process. Once that process was exhausted, in this case not in their favor, they had the option to bring suit in the courts of this State within a prescribed time period.

N.C. Gen. Stat. § 105-241.4 (2003) governs actions to recover taxes paid:

> Within 30 days after notification of the Secretary's decision with respect to liability under this Subchapter or Subchapter V, any taxpayer aggrieved thereby, in lieu of petitioning for administrative review thereof by the Tax Review Board under G.S. 105-241.2, may pay the tax and bring a civil action for its recovery as provided in G.S. 105-267.

> Any taxpayer who has obtained an administrative review by the Tax Review Board as provided by G.S. 105-241.2 and who is aggrieved by the decision of the Board may, in lieu of appealing pursuant to the provisions of G.S. 105-241.3, within 30 days after notification of the Board's decision with respect to liability pay the tax and bring a civil action for its recovery as provided in G.S. 105-267.

> Either party may appeal to the appellate division from the judgment of the superior court under the rules and regulations

**LEE v. TOLSON**

[166 N.C. App. 256 (2004)]

prescribed by law for appeals, except that if the Secretary appeals, the Secretary is not required to give any undertaking or make any deposit to secure the cost of the appeal. . . .

N.C. Gen. Stat. § 105-241.4 (2003).

N.C. Gen. Stat. § 105-266:1 (2003) governs refunds of over-payment of taxes, and plaintiffs argue that this is the basis for their appeal:

> (a) If a taxpayer claims that a tax or an additional tax paid by the taxpayer was excessive or incorrect, the taxpayer may apply to the Secretary for refund of the tax or additional tax at any time within the period set by the statute of limitations in G.S. 105-266.
>
> . . .
>
> (c) **Within 90 days after notification of the Secretary's decision with respect to a demand for refund of any tax or additional tax under this section, an aggrieved taxpayer may, instead of petitioning for administrative review by the Tax Review Board under G.S. 105-241.2, bring a civil action against the Secretary for recovery of the alleged overpayment.** If the alleged overpayment is more than two hundred dollars ($ 200.00), the taxpayer may bring the action either in the Superior Court of Wake County or in the superior court of the county in which the taxpayer resides; . . . . If upon trial it is determined that there has been an overpayment of tax or additional tax, judgment shall be rendered therefor, with interest, and the State shall refund the amount due.
>
> (d) **Either party may appeal to the appellate division from the judgment of the superior court under the rules and regulations prescribed by law for appeals,** except that the Secretary, if he should appeal, shall not be required to give any undertaking or make any deposit to secure the cost of such appeal.
>
> (e) Nothing in this section shall be construed to conflict with or supersede the provisions of G.S. 105-241.2, and, with respect to tax paid to the Secretary of Revenue, the rights granted by this section are in addition to the rights provided by G.S. 105-267.

N.C. Gen. Stat. § 105-266.1 (2003) (emphasis added).

**LEE v. TOLSON**

[166 N.C. App. 256 (2004)]

The rules and regulations prescribed for taking the appeal are embodied in our Rules of Appellate Procedure. N.C.R. App. P. 3(c) (2004) governs the time for taking appeals:

> In civil actions and special proceedings, a party must file and serve a notice of appeal:
>
> (1) within **30 days** after entry of judgment if the party has been served with a copy of the judgment within the three-day period prescribed by Rule 58 of the Rules of Civil Procedure; or
>
> (2) within 30 days after service upon the party of a copy of the judgment if service was not made within that three-day period; provided that
>
> (3) if a timely motion is made by any party for relief under Rules 50(b), 52(b) or 59 of the Rules of Civil Procedure, the 30-day period for taking appeal is tolled as to all parties until entry of an order disposing of the motion and then runs as to each party from the date of entry of the order or its untimely service upon the party, as provided in subsections (1) and (2) of this subdivision (c). . . .

N.C.R. App. P. 3(c) (2004) (emphasis added).

In the case at bar, the total tax of $35,420.42 was assessed on 19 January 1999. Plaintiffs paid within 48 hours, avoiding thereby penalty and interest. On 18 February 1999, plaintiffs mailed their protest letters to the Secretary of Revenue. On 23 July 1999, the Assistant Secretary held the administrative tax hearing. A final decision dated 10 April 2000 was rendered which denied plaintiffs' request for a refund. Plaintiffs filed notice of intent to petition for administrative review to the Tax Review Board on 9 May 2000, and filed the petition for review on 10 July 2000. The hearing before the Review Board was held on 15 August 2001. The Board rendered a decision affirming the Assistant Secretary's decision on 9 November 2001.

Plaintiffs filed a petition to extend time to file their civil complaint on 17 May 2002, which was granted extending the time to file until 5 June 2002. The petition was filed over six months after the Board's decision was rendered. Under any of the above statutes, when this petition was filed, the time limit to file had already expired. Plaintiffs filed their complaint on 5 June 2002. Defendant filed a motion for Summary Judgment, which was granted in an order

entered 19 February 2003. Plaintiffs' notice of appeal was filed properly on 11 March 2003.

The order which granted an extension of time to file suit could not effectively extend the time limit because it had already expired before a motion was made. *See, e.g., Reap v. City of Albemarle*, 16 N.C. App. 171, 191 S.E.2d 373 (1972) (ruling that after the time for docketing the record on appeal in this Court had expired, the trial judge could not then enter a valid order extending the time).

In some cases, this Court will entertain an untimely appeal by granting a writ of certiorari under Rule App. P. 21(a). This rule says that when the right to appeal has been lost by a party because they did not take timely action, the court has discretion to grant a writ of certiorari. However, this rule does not apply because the parties in this case lost the right to appeal by not taking action at the superior court level, and not by failing to timely file with this court. It would not be just to apply it, since summary judgment was justified by these aforementioned procedural grounds, and that summary judgment was timely appealed to this Court. Therefore, we cannot now invoke jurisdiction for the superior court which that court could not itself invoke. Summary judgment was properly granted because of the expired time limit for bringing suit.

We affirm the summary judgment on the grounds that the plaintiff did not timely bring suit in the trial court. Because this issue is dispositive, we do not reach the plaintiffs' remaining assignments of error.

Affirmed.

Judges McGEE and McCULLOUGH concur.